# LeGrand *et al.* v. McKenzie *et al.*

*Bill in Equity for the Discovery of Assets.*

1.   *Bill for the discovery of corporate assets; officers of corporation*

*proper parties defendant.*—Where a bill is filed under the statute (Code, § 3545) for the discovery of the assets of a corporation which are subject to the payment of its debts, the officers of such corporation are proper parties defendant, since to them alone are the facts sought to be discovered known; and in order to compel a disclosure by such officers, it is essential that they should be before the court.

2. *Same; same; suit can not be revived against the personal representative of deceased officer.*—Where, to a bill filed by creditors of a corporation for the discovery of its assets subject to the payment of debts, an officer of the corporation is made a party defendant solely on account of his knowledge of the corporation's affairs, which he is supposed to possess, and to coerce a disclosure of such knowledge, if, pending the hearing of such suit, such officer dies, the cause can not be revived against his personal representatives, they not being, in any sense, proper parties defendant.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JERE N. WILLIAMS.

On this appeal there were submitted together, two cases, which involved the same questions, and in which the same decrees were rendered.

The original bills in these cases were filed by B. B. McKenzie against the Montgomery & Florida Railway Company and other defendants; and as amended the said bills aver that the complainant was a simple contract creditor of the defendant corporation; that the defendant corporation was without visible property subject to execution or other process of law for the collection of debts; that the defendant corporation has property justly liable for the payment of the complainant's debt, but the kind and description thereof was unknown to the complainant, and that without the discovery of such property complainant could find no property subject to the payment of his debts.

It was averred in the amendment that M. P. LeGrand was a stockholder and vice-president of the defendant corporation and also a director thereof at the time of the several transactions mentioned in the bill; that M. P. LeGrand, Jr., H. C. Moses and John D. Roquemore were each members of the defendant corporation at the time of said transactions, and that S. D. Hubbard was the secretary and treasurer of said railway company. These members were, in their respective capacities, as members of the said corporation, made parties respon-

[LeGrand *et al.* v. McKenzie *et al.*]

dent to the bill of complaint. The prayers of the bills were for a discovery by the defendants of the assets of the defendant corporation.

Interrogatories were propounded in the bills intended to obtain a discovery from the parties defendant of the property of the defendant corporation. There were several demurrers interposed to the bills by the defendants. Before the demurrers came on for hearing, the death of M. P. LeGrand, Sr., was suggested by the complainant, and leave prayed to revive against his administrators; the revival was ordered and M. P. LeGrand, Jr., and J. Craig Smith, the administrators of the estate of M. P. LeGrand, deceased, were made parties. M. P. LeGrand, Jr., and J. Craig Smith, as such administrators, demurred to the bill and moved to dismiss the same as to them on the ground that as to them, as such administrators, there was no equity in the bill. This demurrer and the motion were overruled, and from this decree the respondents appeal, and assign the same as error.

TOMPKINS & TROY and HORACE STRINGFELLOW, for appellants.—The officers of the defendant corporation were not, under the averments of the bill, proper parties defendant. The debtor, and no one else, is the one party the corporation has the right to make a party defendant. The statute provides that the debtor must answer, and what he must answer, and upon this answer the relief must be based, the statute providing "if from the answer it appears that the defendant has property, real or personal, subject to the payment of his debts," &c. When, however, the debtor is a corporation, it can not answer under oath and discover its assets. For the reason that a corporation can not answer under oath, it has become a rule of chancery practice in ordinary bills for discovery against corporations, that its officers and members may be made parties for the purpose of discovering for it facts which might rest in their knowledge. They are made parties defendant, because, unless parties, the court would not have the power to compel answer as to such facts. There is no provision made in this statutory proceeding for written or oral answers by officers of corporation debtors, for them to disclose assets of such corporations. The statute provides that "the debtor must

[LeGrand *et al.* v. McKenzie *et al.*]

answer under oath," and that upon necessity shown therefor after answer filed, the chancellor "may order an examination of the debtor before the register touching and concerning his property real and personal."— *McCullough v. Jones*, 91 Ala. 188. Can this omission of the statute be supplied by the courts? It is the general rule that omissions in statutory proceedings can not be so supplied.—*McKenzie v. M. & F. R. Co.*, 85 Ala. 551; 3 Brick. Dig. 333, § 13.

Where a member of a corporation is made a party for the purpose of obtaining a discovery from it, it must appear that he is capable of making the discovery; that the facts inquired about are known to him. In such case, he is made a party defendant, because the court could not otherwise compel him to answer.—*V. & A. Min. &c. Co. v. Hale*, 93 Ala. 547; *Shackelford v. Bankhead*, 72 Ala. 479; *Many v. Beekman Iron Co.*, 9 Paige 194. Such averment was made in the bill as to said decedent. But how can the principle be extended to his personal representatives? Upon what principle can a right to a discovery for a corporation, from a member thereof, because of his alleged knowledge of the facts inquired about, be revived against his administrators? As administrators they were not members of the corporation at the time the bill was filed, nor at the time of the transactions complained of. They could have no knowledge of the assets of the company, nor is any knowledge averred. Their decedent, if a proper party at all, was only so "in his capacity as a member, to answer for the corporation and discover its assets." This, as we have shown, was all the relief which could have been given complainant in this proceeding, and all that was prayed for by him. He, decedent, could only have been compelled to answer for the debtor company. He was not a party to the bill in any such manner as to authorize relief against him in his own right as an individual, if any was prayed or could be granted in this proceeding.— *Carter v. Ingraham*, 43 Ala. 78.

W. A. Gunter, J. C. Richardson and Graham & Steiner, *contra.*—Under the provisions of section 3545 of the Code of 1886, the complainants had the right to maintain the present bills.— *Wood v. Hudson*, 96 Ala. 471; *McHan v. Ordway*, 82 Ala. 465; *Bomberger v. Turner*, 82

Amer. Dec. 440 ; *Price v. Carney*, 75 Ala. 554 ; *Mathews v. Ins. Co.*, 75 Ala. 85 ; *Carlisle v. Godwin*, 68 Ala. 139 ; *Montclair v. Ramsdell*, 107 U. S. 152 ; *Doe v. Considine*, 6 Wall. 458 ; *Brooks v. School Com.*, 31 Ala. 227 ; *Huffman v. State*, 29 Ala. 40 ; *Sprowl v. Lawrence*, 33 Ala. 674 ; *Blakeney v. Blakeney*, 6 Porter 109 ; 1 Pomeroy's Eq. Jur. §§ 181, 231 ; 9 Bacon's Abridgement, 138.

M. P. LeGrand, now deceased, although not an officer at the time of making him party defendant, was a proper party defendant.—1 Beach Modern Eq. Pr., § 61, p. 77, note 4 ; *Fulton Bank v. N. Y. &c. Canal Co.*, 1 Paige 127.

His administrators are proper parties since the death of their intestate.—1 Beach Modern Eq. Prac. 61 *et seq.*, and case cited in note 4 ; 2 Beach Modern Eq. Juris., §§ 859–860 and notes.

McCLELLAN, J. Two points only are insisted on by appellants' counsel. They are : *First*, that the officers of a corporation debtor are not proper parties defendant to a bill filed under section 3545 of the Code for the discovery of assets of the corporation subject to the payment of debts ; and, *second*, that when an officer is made defendant, along with the corporation, for the purposes of discovery only, and dies, the cause cannot be revived against his personal representatives. The first point is, in our opinion, without merit. The second is, we think, well taken.

And as to the first : The statute does not undertake to provide for or prescribe the practice and rules of pleading to be observed upon or in respect of the bill and proceedings it authorizes. To the contrary the sole purpose of the act, at least so far as it is applicable to the cases now before us, is to authorize the filing and prosecution of a bill for discovery on the facts set forth in the statute in itself, to create a new case in which such bill may be maintained, leaving to the general principles of equity practice and pleading the settlement of all questions which may arise as to parties and the like. Confessedly, upon these principles the officers of a corporation are not only proper but necessary parties since to them alone are the facts sought to be discovered known, and to compel a disclosure by them it is essential they should be before the court.

But we know of no principle upon which the personal

[LeGrand *et al.* v. McKenzie *et al.*]

representative of a deceased officer, who was made a party solely on account of the knowledge of the corporation's affairs he was supposed to possess and for the sole purpose of coercing a disclosure of such knowledge, to the end that assets of the corporation may thereby be brought to light and subjected to the satisfaction of its debts, can be brought in as a party defendant by revivor. Such a bill should not and the bills in these cases do not seek or pray any relief against the corporation's officers except in respect of the disclosure of their knowledge as officers of the facts inquired about. No effort is made directly or indirectly to subject the individual property of these officers to complainants' debt against the corporation, but it is sought only to have them tell what they know as to property belonging to the corporation, to disclose its existence and whereabouts, &c. The property of an officer defendant who dies passes into the hands of his representatives or heirs; and any relief as respects such property must be worked out against such representatives or heirs, and to that end they must be made parties. But the knowledge of corporate affairs possessed by the dead officer does not pass to his heirs or administrator; they as such have no such knowledge as constitutes the sole consideration upon which the officer was made a party in the first instance; they may well know, and in legal contemplation do know no more about the matters as to which discovery is sought than if they were utter strangers to the officer and his estate, for as to the officer's knowledge they are utter strangers; and there is no more reason for bringing them in by revivor as parties defendant than for an amendment making any other person a party without any averment connecting such other person in any way with the matters involved in the suit. The court, therefore, erred in overruling the separate demurrers of M. P. Le Grand, Jr., and J. Craig Smith, as administrators of M. P. Le Grand, deceased, and their motion to dismiss the bills for want of equity as to them, which proceeded on the ground that they were not proper parties defendants to the bills in these cases, and that neither for discovery nor substantive relief was a case made thereby against them.

The decrees below are reversed. The bills are dismissed as to said administrators, and the causes are remanded.

Reversed, rendered in part and remanded.