# Terrell, *et al. v.* Southern Railway Company.

## *Bill for Discovery, Accounting, and to Enjoin an Action at Law.*

(Decided June 30, 1909. Rehearing denied Dec. 16, 1909.—51 South. 254.)

1. *Accounting; Equity; Grounds.*—An action against a common carrier for the recovery of money paid as overcharges on freight and for failure to furnish cars according to contract involves a mere matter of proof and calculation and presents no such complication of accounts as to give equity jurisdiction.

2. *Discovery; Grounds; Remedy at Law.*—Where the bill seeks discovery from one not a party to the action at law which the bill seeks to enjoin it does not make out a case of equity jurisdiction for discovery on the ground that complainant does not know to whom it is liable, since it is encumbent on the plaintiff in the action at law to show that the transactions were had with him, else he cannot recover therein.

3. *Interpleader; Bill; Requisites.*—The bill in this case examined and held not a bill of interpleader.

4. *Equity; Jurisdiction; Grounds.*—Several insufficient grounds of equitable relief cannot be joined or added together so as to form a sufficient ground for equitable intervention; unless a com-

plainant brings himself within a definite ground of equity juris-
diction equity cannot grant relief.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Southern Railway Company against A. J. Terrell and the Union Stone & Contracting Company for discovery, accounting, to enjoin a pending action at law, and settling the equities between the parties. From a decree overruling demurrers to the bill, defendants appeal. Reversed and remanded.

The first paragraph, after describing the parties to the suit, avers upon information and belief that A. J. Terrell is the sole executive officer of the Union Stone & Contracting Company, and as such has charge and control of the property, business, books, and records of said Union Stone & Contracting Company, which latter company is a corporation organized and existing under the laws of Alabama, with its principal office at Birmingham, Ala. The second paragraph alleges that A. J. Terrell has commenced a suit against the complainant in the circuit court of Jefferson county, Ala., which is still pending, and wherein Terrell complains of complainant in 15 separate counts, asking various sums of money, ranging in amounts from $1,000 to $10,000, and that said cause is set down for trial on the 25th day of May, 1908. (The summons and complaint is made an exhibit to the bill.) The third paragraph alleges that the complainant is a common carrier of freight and passengers between Generey's Gap and Demopolis, Ala., and that it operated the railroads in the years of 1905, 1906, and 1907, as stated in said complaint, and did haul large quantities of stone from Generey's Gap to Demopolis, amounting to about 18,000 tons, requiring a large number of freight cars for that purpose, and

[Terrell, et al. v. Southern Railway Company.]

it is now claimed by said Terrell in his complaint that said stone was hauled for him under some sort of contract by and between himself and some agent of the complainant. It is also claimed by Terrell that he was the owner of the rock quarry at Generey's Gap out of which said stone was quarried, and he claims that he has been damaged by reason of the alleged default or breach of said contract on the part of this complainant in its failure to furnish a sufficient number of cars for said work, and in failing to handle said cars promptly, and by reason of the loss of some part of said rock while being carried by complainant, and complainant further represents that since the commencement of this suit Terrell has called upon, this complainant to answer certain interrogatories for the purpose of making discovery of certain subject-matters supposed to be involved in said suit. (A copy of these interrogatories is attached.)

It is then alleged that complainant had no knowledge or information that any of its officers or agents made or entered into any contract or agreement with the said Terrell as claimed in several counts of this complaint, but states that some of complainant's officers or agents had correspondence with the defendant Union Stone & Contracting Company, and that said Terrell was only an agent or servant of said contracting company; and complainant alleges on information and belief that the quarry at Generey's Gap from which said stone was quarried and carried by complainant to Demopolis, was and is the property of the Union Stone & Contracting Company, and is not the property of said Terrell, and that said corporation was and is the legal beneficiary of any cause of action, if any, which may have arisen against this complainant by reason of the carriage or

undertaking of carriage of said stone from Generey's Gap to Demopolis. It is then alleged that complainant's information as to said matters is derived principally from correspondence between complainant and the officers, agents, or servants of said Union Stone & Contracting Company, including one J. D. Foy, formerly claiming to act as president of said company, and said A. J. Terrell, as general manager or other executive officer, and one W. J. Salisbury, and that complainant did not know said Terrell in the matter except as an official of said company. It is then alleged that Terrell now claims an individual and pecuniary interest in the subject-matter of this suit against complainant, but this defendant is unable to state just what the character of that interest is, and how and when same was acquired by the said Terrell, or whether any such interest had been acquired by said Terrell at all. It is then alleged that, if a proper discovery could be made by the defendant in this cause as to said matters involving the ownership of said rock quarry, the fact would be developed that Terrell had no legal interest in the subject-matter of this suit, but that the said corporation, the Union Stone & Contracting Company, alone has the entire pecuniary interest in the subject-matter of such suit by reason of its ownership of said property, and of said rock and stone when same was quarried, and that the said Terrell is seeking to recover from this complainant something to which he is not entitled in law or equity, but that this complainant cannot, in the said suit of Terrell against it, produce the evidence of this fact, and that the process of this court for obtaining said discovery of said defendant is necessary in order to determine whether or not this complainant is liable, if liable at all, by reason of the alleged failure or breach of contract complained of in this suit to said

[Terrell, et al. v. Southern Railway Company.]

Union Stone & Contracting Company, or to said Terrell; that the issues involved in said suit of Terrell against this complainant will necessitate and require going into all details of the transactions and dealings between said Terrell and the Union Stone & Contracting Company and this complainant, whereby said stone was hauled by this complainant as a common carrier, and including also all the negotiations leading up to the carrying of said stone and the delivery thereof at Demopolis; that the questions involved in said dealings are too numerous and too complicated to be intelligently understood and passed on by a jury; that it is claimed by Terrell that this complainant contracted to furnish him with 36 cars per week to Generey's Gap, at the rate of 6 cars per day, for handling said stone; that the complainant failed to furnish said cars, or any sufficient number for said purpose, whereby the said Terrell was greatly damaged, amongst other respects, in this: That the expense of maintaining said quarry was greatly increased by reason of the delay in getting cars, necessitating the keeping of many men idle at the quarry, and that said Terrell could not discharge said men, but had to keep them on his pay roll in order to have an organized force on said works at any and all times, and that his business was thereby disorganized, and the he lost many thousands of dollars of profits involved in said contracts (see counts 8 and 12, inclusive, of the complaint, Exhibit A).

This complainant, while denying said claim of Terrell, would seek to show in defense thereof that it furnished a reasonably sufficient number of cars to handle said business, or as many cars as it could reasonably furnish, in view of the unexpected, unanticipated, and extraordinary demand for cars during said time upon it by its other customers; also that, if any loss was in-

curred by said Terrell or said contracting company, said loss was, brought on by themselves or contributed to by them for failing to have a proper force of men at work to get out said stone and promptly load same when cars were furnished for that purpose, and failed to have their business organized properly or maintained with a view of expeditiously fulfilling their duty in getting out and shipping said stone to destination, and this would involve an inquiry as to the operation of the quarry at said Gap during the time when said stone was being shipped from said Gap to Demopolis, a period of one year and eleven months. Said inquiry involves also a minute and careful inquiry into all the details of said business of said quarry, including the number of men requisite to do the work, the actual cost of getting out the stone, and all elements of cost thereof, the difference between the cost and the market price thereof, the method of handling said stone from the quarry to the cars, the number of interruptions to said work by bad weather and the like, and the effect thereof in contributing to the failure of said Terrell or the contracting company to load the cars furnished by complainant, thereby causing or contributing to Terrell's alleged loss. Complainant will also show as a defense to said claim that said Terrell failed to properly unload and handle said stone at Demopolis, and that he left many cars standing unloaded at the time for a long period of time, using the said cars for storage purposes and the like, thereby contributing largely to the embarrassment of complainant in hauling said stone, and thereby preventing complainant from using said cars to haul stone a number of days. The number of cars thus situated and the number of days they were kept out of business in the manner stated will have to be inquired into and the loss to said Terrell or the contract-

ing company will have to be calculated. Furthermore the kind of organization of said Terrell or the contracting company at Demopolis for hauling stones from Demopolis to a point on the Tombigbee river where said stone was expected to be used by the United States government said Terrell claiming that he is also interested in a contract with said business for supplying said stone for building a lock on the river and the failure of Terrell to have a proper organization for said work and thereby prolonging the time necessary in hauling said stone, causing pecuniary loss to said Terrell or the contracting company, will have to be gone into. Complainant further states that this complainant sustained and suffered loss by reason of the delay in unloading said cars at Demopolis and by reason of the delay in loading said cars at the Gap, in getting said stone ready for shipment, and by reason of the inefficiency on the part of said Terrell or his contracting company in getting out and shipping said rock, and in getting it out at its point of destination at Demopolis, and hauling it thence to said river point. It is also claimed by said Terrell that there were delays in the hauling of cars by this complainant during the transportation between the Gap and Demopolis, and complainant is called on to furnish the movement of each car used in the transportation of said work during said period of one year and eleven months, involving a vast amount of labor, including the making of literal copies from train sheets and other records of this complainant in showing the movement of about 700 cars or more during said time.

Complainant further states that said Terrell claims in his complaint various sums of $1,000 for excess freight charged by complainant for transporting said stone, and that said inquiry, besides involving a discovery of the particular shipments on which the excess is

claimed, would involve the question of proper freight rates under the published tariff rate required by law of complainant, and would involve the consideration of freight charges on each carload of rock or stone. It is further alleged that it is claimed by said Terrell that various amounts were charged him by complainant for demurrage in excess of what ought to have been charged or collected by complainant, and that said inquiry would involve an examination into the circumstances under which the charge of demurrage was demanded and collected for each car. It is claimed by said Terrell that complainant failed to deliver 1,000 tons of stone at all, which it is alleged was received by complainant as a common carrier at Generey's Gap, the claim on this account being for $125, and that said stone so claimed to be lost was lost by complainant in transportation between the Gap and Demopolis; and, besides a discovery as to which cars or shipment it is claimed were lost, the value of said stone must be inquired into, and all the facts and circumstances connected with the movement of all cars in which stone from the Gap was transported. It is also claimed by said Terrell that this complainant allowed many cars of stone to accumulate on side tracks, causing an unreasonable delay in transporting same, on account of which he was put to a great deal of trouble and expense, and sustained loss and injury by increased costs of receiving, unloading, and carrying said stone from Demopolis to said point of use one mile from Demopolis at some United States government lock on the river. It is alleged that this claim will involve many calculations, and the various calculations are described and the inquiries set forth. It is alleged that said Terrell further claims $2,000 for failure to furnish cars of the proper construction for unloading said stone, thereby increasing the labor and

expense of unloading, and this inquiry would involve the description, character, and structure of the cars and the proper methods of unloading, etc., all of which is set forth. Said Terrell further claims $5,000 for excess freight charged and collected by plaintiff on said cars at Demopolis.

The fifth paragraph alleges the sole and principal work of the Union Stone & Contracting Company at Generey's Gap, where its quarry was located during one year and eleven months, was the quarrying and shipping of stone, and that complainant's dealings in the transaction of transporting said stone were with the said Union Stone & Contracting Company as principal, and that it does not know by what ground of right or title the said Terrell now sues for the various amounts now claimed in his complaint, and the complaint does not show on its face that he is suing as assignee or transferee of said account; but, so far as appears from the face of his complaint, the said Terrell is claiming that the said transactions were with himself as principal, and that the data and facts relating to the ownership are in the possession or control exclusively of the contracting company or of Terrell, and that, if this complainant is liable at all, it is entitled to know to whom it is liable, and if it be a fact that the said contracting company is the sole beneficiary in interest of the various sums of money sued for, and that said Terrell has no interest in or claim upon the same by which he is legally entitled to sue therefor, it is necessary for this complainant to ascertain such fact, and as a defense to said suit of Terrell the books and records of the said Union Stone & Contracting Company should be produced in court as evidence bearing upon the questions of the respective claims or rights of the two said defendants and the liability of this complain-

ant. It is alleged that the complainant denies the substantial averments of the complaint, and bases its defense in the greater part that said losses and expenses, if any, were caused by the inefficiency, mismanagement, and default in said Terrell or the Union Stone & Contracting Company, and that in order to maintain this defense complainant must rely upon information solely in possession of said Terrell and said Union Stone & Contracting Company, or contained in the books and records of said company, of which Terrell has the custody, control, or possession, and that it will be necessary for them to produce the books, records, etc., in court. Then follows the prayer as indicated in the opinion. The bill is verified.

The demurrers were that the bill was without equity, that the complainant had a plain, adequate remedy at law, and that the matters sought to be discovered were not material to complainant's defense, and relate only to the case of the plaintiff therein. Further grounds also raised the point that the respondent was neither a proper nor necessary party.

GEORGE HUDDLESTON, for appellant.—No person should be made defendant to a bill of discovery in aid of an action at law who is not a party to that action whether he has any interest in the suit or not, nor where he is a substantial party in interest.—Fletcher's Equity P. & P., Sec. 813; Story's Equity Pleading, Secs. 569, 610. Note 610 A; 14 Cyc. 310; *Burgess v. Smith,* 2 Barb. Ch. (N. Y.) 276; *Post v. Boardman,* 10 Paige (N. Y.) 580; *Yates v. Monroe,* 13 Ill. 212; *Ballin v. Ferst,* 55 Ga. 546. The discovery sought must be material.—*Va., etc., Co. v. Hail,* 93 Ala. 544; *Handley v. Heflin,* 84 Ala. 602; 6 Encyc. P. & P. 740. And where there are several defendants, if the discovery is

not material as to one, he need not make answer except to so much of the bill as is material to him or to matters in issue between him and complainant.—6 Encyc. P. & P. 742; 1 Story Equity Pleading.  A bill by a defendant in an action at law for the discovery of matters within plaintiff's knowledge and the injunction of the suit at law and praying that the Chancery Court take jurisdiction of the case and decide the matters in issue, is without equity for the reason that the complainant has an adequate remedy at law in that the law court can compel the production of evidence on interrogatories as fully as the chancery court.—*Gelston v. Hoyt*, 1 John. Ch. 547; *Lucas v. Bank*, 2 Stew. 293; *Ex parte Boyd*, 105 U. S. 657; *Va., etc., Co. v. Hale*, 93 Ala. 545; *Continental, etc., Co. v. Webb*, 54 Ala. 697; *Wolfe v. Underwood*, 96 Ala. 329.  A bill for discovery and relief must allege that the complainant is unable to prove the facts otherwise than by defendant's answer.—*Perrine v. Carlisle*, 17 Ala. 686; *Crothers v. Lee*, 29 Ala. 337; *Sullivan v. Lawler*, 72 Ala. 74; *Horton v. Moseley*, 17 Ala. 294; *Continental, etc., Co., v. Webb, supra; Handley v. Heflin*, 84 Ala. 602; *Va., etc., Co. v. Hail*, 93 Ala. 544; 1 Story Equity, Sec. 740; *Pollock v. Claflin*, 138 Ala. 644.  A defendant in an action at law is entitled to a discovery of such matters only as relate to his defense.  He is not entitled to discovery of the evidence supporting plaintiff's claim.— 6 Encyc. P. & P. 758; 1 Dan. Ch. P., 645; 2 Dan. Ch. P., 2052.  A bill for discovery in aid of the defense of an action at law must show that the discovery is indispensable to the ends of justice.—*Shackleford v. Bankhead*, 72 Ala. 478.  A bill for discovery must show that the defendant is capable of giving the discovery sought.—*Horton v. Moseley*, 17 Ala. 796.  A bill for discovery in aid of the defendant in an action at law

must show the nature of the defense and the particular matters sought to be discovered must appear with certainty.—*Lucas v. Bank,* 2 Stew. 292.

WEATHERLY & STOKELEY, for appellee.—The bill seeks discovery and relief and seeks the discovery as incident to relief, and hence, the respondents were properly joined.—Storey's Eq., Sec. 569. The bill seeks to transfer the accounting sought by Terrell in the law court to the equity court and to make the Union Stone & Contracting Company a party to that accounting because of the complexity of the accounting and to avoid a multiplicity of suits.—*Ely v. Crane,* 37 N. J. Eq. 157 and 564; *Blodgett v. Foster,* 72 N. W. 1000; *White v. Hampton,* 10 Ia. 238; *Hall v. McKellar,* 46 South. 460; *Dallas County v. Tenderlake,* 54 Ala. 410; *Gulf Comp. Co. v. Jones Cotton Co.,* 47 South. 251. The Union S. & C. Co. is a material party to the bill, and the bill was properly filed in Jefferson county..—*Waddell v. Lanier,* 54 Ala. 440: *Harwell v. Lehman-Durr Co.,* 72 Ala. 346; *Gay-Hardie & Co. v. Brierfield & Co.,* 106 Ala. 622.

MAYFIELD, J.—The bill in this case is one for discovery and relief, as well as for discovery in aid of a pending action at law. It is not, as appellants treats it, purely and solely for discovery in aid of a pending suit.

(1) The bill seeks to discover to which of the two defendants the complainant is liable, if liable at all, as to matters set forth in the bill—alleging that it may be liable to one or the other, but not to both, and that it cannot know specifically which, except by discovery.

(2) It shows the necessity for, and seeks, an accounting, to ascertain the amount of complainant's liability to one or to the other of the two respondents.

(3) It seeks to protect complainant against an action by each of the respondents to enforce the same liability which it owes to one or to the other, but not to both.

(4) It seeks this discovery in defense of an action at law brought against complainant by one or the respondents.

(5) It seeks to enjoin this action at law by one of the respondents until the discovery and accounting can be had, which it alleges to be necessary to complainant's proper defense therein.

It is true, as claimed, by appellant, that a bill of discovery solely in aid of a defense to action at law will not lie against one who is not a party to the record at law.—*Anderson v. Dowling,* 11 Ir. Eq. Rep. 590; *Kerr v. Rew,* 5 Myl. & C. 154, 9 L. J. Ch. 148, 4 Jur. 525; *Portugal (Queen) v. Glyn,* 7 Cl. & F. 466; Storys Eq. Pl. §§ 569, 610, and note; 14 Cyc. 310; *Burgess v. Smith,* 2 Barb. Ch. (N. Y.) 276. While the respondent corporation is not a necessary or proper party to the bill, in so far as it is a bill for discovery in aid of the defense to the suit brought by the other individual respondent—if there be separate and distinct parties, and the corporation be not a mere business name of the other individual defendant, or the individual be not a mere alter ego of the corporation—yet it is a part of the relief sought to ascertain the relation of the two respondents, one to the other; whether they are one and the same or different parties, and, if different, to determine which of the two dealt with the complainant in the matters set forth in the bill, upon which an accounting is sought. This information is alleged to lie,

and of necessity must lie, peculiarly within the knowledge of the respondents. So this phase of the bill not only makes the corporation a proper, but necessary, party.

I cannot agree with the appellant that the bill shows that the complainant has a complete and adequate remedy at law. If the averments of the bill are true—and on demurrer they must·be so taken—the complainant might be compelled to answer to both of these respondents severally for the same identical demand; and an accounting is necessary to ascertain the amount of its liabaility to either. A bill for discovery must allege that the complainant is unable to prove the facts otherwise than by defendant's answer. This is better done by averment of the facts themselves, than by the mere conclusion of the pleader to that effect. If the facts averred show it, the conclusion of the pleader to the result is unnecessary; and in fact the conclusion of the pleader, unsupported by an averment of the facts upon which it is based, would be insufficient. I think the averments of the bill sufficient, as to this requisite of equity pleadings.

Of course, so far as the bill is one merely for discovery in aid of the defense to the action at law, it must be confined to a discovery of such matters only as relate to the defense, and it cannot be extended to a discovery of evidence which goes only to the maintenance of the action at law; and if this bill was one merely for discovery in aid of such defense it would·be subject to demurrer on this ground, but, as before stated, it is one for relief independent of the defense to the pending suit at law. It is also true that a bill for discovery merely in aid of the defense to a pending action·at law must show that the discovery is indispensable to the ends of justice, and that the defendant is capable of

giving the discovery sought, and it must show the nature of the defense, and the particular matters sought to be discovered with certainty; but, as said before, this is better done by averment of the facts which show these respective requisites than by a mere bald averment of the abstract propositions of law, which are mere legal conclusions of the pleader. I think the bill does conform to each of these requirements.

The bill also seeks an accounting. It is contended by appellant that the allegations of the bill are not sufficient to give it equity for this purpose. In this I cannot agree with counsel for appellant. It may be that there is really no ground for taking this case into equity. It may be that it is filed for delay; but we cannot know this from the allegations of the bill. The allegations do not allege it; but the allegations seem to me to conform to the rules and requirements of equity pleading, to the extent of giving the bill equity for the purposes of discovery and accounting. Upon this hearing the demurrer confesses these allegations, which are well pleaded, and we must treat them as true.

Can it be said that, if the facts alleged in this case are true, an accounting is unnecessary? It is probably true that a jury might be able to arrive at a conclusion as to the proper amount due on an accounting. This might be said as to all cases; but the rules of practice and procedure in chancery courts are better adapted to stating accounts than are those in courts of law. A court of equity will entertain jurisdiction of an accounting at the instance of a defendant in a law court, and enjoin such action, when the defense at law is inadequate by reason of the complexity of the accounting or otherwise. Mutuality of the accounts, of course, adds to the difficulty of accounting, and may give equity for this purpose when the bill would not have equity

but for the mutuality; but it is not indispensable to equity jurisdiction for accounting. If the accounts be wholly on one side, but are numerous, complicated, and difficult, and extend over a considerable period of time, and involve many transactions, an accounting in equity would be proper.—*Ely v. Crane,* 37 N. J. Eq. 157; *Crane v. Ely,* 37 N. J. Eq. 564; *Hall v. McKellar,* 155 Ala. 508, 46 South. 460; Story, Eq. Jur. § 458; *Dallas County v. Timberlake,* 54 Ala. 410; 6 Pomeroy, Eq. Jur. (2 Eq. Rem.) § 930, and note; 5 Am. & Eng. Dec. Eq. p. 65, § 9.

Discovery alone is an independent ground of equity jurisdiction; but this jurisdiction is auxiliary to some other relief, and it must be limited to its legitimate functions. The bill in this case cannot or should not be treated as a bill for discovery merely. It also invokes other equity jurisdictions, and, moreover, seeks a decree involving the rights of the parties as to the subject-matter. It is, therefore, a bill for relief, as well as for discovery. The discovery is incidental to the relief sought, as well as to the action at law enjoined; and it must therefore be treated and tested by the rules of equity pleading and practice applicable to bills for discovery and relief.

The bill alleges that the facts necessary to defend the action at law, or to state the account in this court, rest peculiarly within the knowledge of the defendants, and that a discovery is absolutely necessary to ascertain them; that the books of these two defendants are necessary to be produced in court, to properly state the account, or to defend the action at law, and that a discovery from both respondents is necessary to determine to which of the two the complainant is liable, if liable to either; that complainant's dealings in the premises were with the respondent corporation, but that the in-

[Terrell, et al. v. Southern Railway Company.]

dividual respondent, who was its general manager, is suing the complainant as to these transactions with the respondent corporation, and that without the discovery complainant cannot know by what claim of right the respondent Terrell sues or claims—whether as assignee or transferee of the corporation or as an original principal; that evidence necessary to establish the ownership of a certain quarry that furnished the stone hauled by the complainant, which is the subject of this litigation, rests exclusively with the two respondents, and that the evidence to show who is the rightful legal or equitable owner of the claims against the complainant, growing out of the hauling of such stone, likewise rests with the respondents; that the nature, amount, or ownership of such claims cannot be ascertained, except by this bill of discovery, and that the discovery is necessary for complainant's relief; that without it it might · be compelled to answer twice for the same claims. The bill I think is sufficient, and the demurrers were properly overruled.—*Virginia, etc., Co. v. Hale & Co.,* 93 Ala. 546, 547, 9 South. 256.

I do not mean to say or decide that, if this bill were one for discovery merely, it would be sufficient, and not subject to the demurrers interposed; nor do I think that, if it were one for an accounting only, it would be sufficient, but that, being, as it is, one for both purposes, and the one ground of equity cognizance made auxiliary of and necessary to the other, the averments as to one purpose avoid the averments as to the other, the insufficiencies in one respect are aided and cured by the averments as to the other.

For a like reason the bill is not a bill of interpleader. It is not filed for that purpose, and its averments are not sufficient to support it as a bill of interpleader, or one in the nature thereof; yet it contains averments

which are in the nature of, or closely akin to, the necessary averments of a bill of interpleader, which aid the averments as to discovery, as to an accounting, and as to necessary and proper parties to the suit. Without these averments it might not be sufficient for the purposes for which it is filed. The equitable doctrine comes into play in this case that, equity jurisdiction having interposed and attached for one purpose, the chancery court, thus acquiring jurisdiction for the one purpose, will proceed to grant full and complete relief, and to settle all equities between the respective parties as to the particular subject-matter.—*Booth v. Foster,* 111 Ala. 312, 20 South. 356, 56 Am. St. Rep. 52; *Whaley v. Wilson,* 112 Ala. 627, 20 South. 922; *Virginia, etc., Co. v. Hale & Co.,* 93 Ala. 542, 9 South. 256.

Equity jurisdiction for accounting is not exercised in every case of accounts. Some special case must be alleged; that is, the accounts must be intricate, difficult, or complicated, or mutuality or a fiduciary relation between the parties must exist, or a discovery must be necessary, or some other ground purely equitable must be involved.—*Tecumseh v. Camp,* 93 Ala. 547, 9 South. 343; *Avery v. Ware,* 58 Ala. 475; *Jewet v. Bowman,* 29 N. J. Eq. 174.

In the case in question the ground for discovery is therefore a ground for accounting; thus the one ground supplements the other. It is well settled in this state that original equity jurisdiction as to discovery is not destroyed or affected by the statutory discovery, by which the parties to actions in courts of law and in chancery may examine one another on interrogatories, nor by the statutory changes as to the competency of parties as witnesses.—*Shackelford v. Bankhead,* 72 Ala. 479; *Cannon v. McNab,* 48 Ala. 99; *Wood v. Hudson,* 96 Ala. 471, 11 South. 530; *Handley v. Heflin,* 84

Ala. 600, 4 South. 725; *Horton v. Moseley,* 17 Ala. 794; *Mallory v. Matlock,* 10 Ala. 595. These statutes are treated and intended as merely cumulative remedies, and are treated and governed by the rules as to bills of discovery.—*Saltmarsh v. Bower,* 22 Ala. 221; *Cain v. Standard Co.,* 108 Ala. 346, 18 South. 882; *Grymes v. White,* 37 Ala. 549.

The majority of the court do not agree to all that is said above in this opinion, nor in the conclusion reached by the writer. It is therefore the opinion of the writer only. The majority hold that there is no equity in the bill, and that it should have been dismissed on respondent's motion, and the injunction dissolved. It therefore follows that the decree appealed from must be reversed; and a decree will be here rendered dismissing the bill and dissolving the injunction in the chancery court.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, ANDERSON DENSON, McCLELLAN, and SAYRE, JJ., concur. MAYFIELD, J., dissents.

## On Application for a Rehearing.

SIMPSON, J.—The original action of *Terrell v. Southern Railway Co.,* is simply an action for the recovery of money paid on overcharges on freight, failing to furnish cars according to agreement, etc. There is no such complication of accounts as to give equity jurisdiction. It is a simple matter of proof and calculation.

The bill seeks discovery of a party who is not a party to the suit sought to be enjoined, and does not make out a case for discovery, according to the recognized principles of chancery practice. If the transactions were

not with Terrell, but with the Union Stone & Contracting Company, the burden is on Terrell to show the transactions with himself before he can recover, and unless he shows the same to the satisfaction of the jury he cannot recover.

The bill has none of the elements of a bill of interpleader. In fact, in the dissenting opinion originally written by our Brother Mayfield it is admitted that the bill does not make out a case for equitable relief, under either of the heads contended for; but the theory of his opinion seems to be that several insufficient grounds can be added together and form a sufficient ground for equitable relief. We know of no such practice in equity jurisprudence.

There are certain definite grounds of equity jurisdiction, and unless the complainant can bring himself within one or the other the court of equity is without jurisdiction.

The application for rehearing is overruled.

DOWDELL, C. J., and ANDERSON, McCLELLAN, and SAYRE, JJ., concur.

