195 So. 241

### HAYS v. McCARTY et al.
### 6 Div. 548.

Supreme Court of Alabama.
Jan. 11, 1940.

Rehearing Denied April 4, 1940.

402

Amzi G. Barber, Hugh Barber, and W. C. Barber, all of Birmingham, for appellant.

Rosenthal & Rosenthal, Walter S. Smith, and Walter S. Smith, Jr., all of Birmingham, for appellees.

FOSTER, Justice.

This appeal is from a decree sustaining demurrer to a bill in equity.

The bill is in what counsel and the court refer to as two aspects. The material features of the first aspect are set out in paragraph 8 as amended. Those of the second aspect are in paragraph 9. The demurrer is to the bill as a whole, and to each of the two aspects separately. The decree of the court sustained the demurrer to each such aspect.

The 8th paragraph as amended is as follows: "Complainant avers that said transfer of said property by the said W. C. McCarty, now deceased, to the said Mary Frances McCarty, now deceased, was voluntary, or, that if said transfer of said property was for a valuable consideration that such consideration was wholly inadequate so as to render same invalid as against said grantor's creditors, or, that said conveyance was made by the said W. C. McCarty, now deceased, with the intent at the time of said transfer to hinder, delay, or defraud complainant and said grantors other creditors in and about the collection of their debts or claims against him, and that the said Mary Frances McCarty was a party to said fraud and participated therein or that the said Mary Frances McCarty had knowledge of facts surrounding said transfer that were sufficient to put her on inquiry as to said fraud therein."

The decree of the court expressed the opinion that the alternative embraced in that aspect was insufficient, wherein it was alleged: "Or that said conveyance was made by the said W. C. McCarty, now de-

ceased, with the intent at the time of said transfer to hinder, delay or defraud complainant and said grantors other creditors in and about the collection of their debts or claims against him, etc."

And that that aspect is no stronger than its weakest feature. And since one feature is insufficient an apt demurrer to the aspect as a whole should be sustained on that account.

It will be noticed that the first aspect seeks to set aside a conveyance of property by a debtor after the accrual of complainant's claim, but before a judgment is rendered on it; and the second aspect is for a discovery of concealed assets by the debtor.

When a bill is in two aspects and the demurrer is addressed to it as a whole, and one aspect is not subject to demurrer, it should be overruled though the other aspect is defective. Breeding v. Ransom, 220 Ala. 82, 123 So. 899; McMillan v. McMillan, 218 Ala. 559, 119 So. 676.

But where one aspect of the bill predicates relief upon several disjunctive sets of averment, each as furnishing ground for relief, and one of such alternative averments is insufficient as a ground for such relief, that aspect of the bill, or it may be the bill as a whole when there is no other aspect, fails to make out a case of equitable right. Crisp v. First National Bank, 224 Ala. 72, 139 So. 213; Curran v. Olmstead, 101 Ala. 692, 14 So. 398; Mountain v. Whitman, 103 Ala. 630, 16 So. 15; Taylor v. Dwyer, 131 Ala. 91, 32 So. 509.

The particular alternative of the first aspect which the court held to be insufficient was also so held by us in the case of Crisp v. First National Bank, supra, for the reasons there set out. We therefore concur in the holding by the trial court that the first aspect of the bill was subject to the demurrer interposed on grounds 9 and 19; that is, that the fraud set up is stated as the conclusion of the pleader.

The 9th paragraph as amended, embracing the second aspect of the bill, that of a discovery, is as follows: "Complainant further avers and represents unto the court that the said W. C. McCarty, now deceased, at the time of his decease, had money, property and effects which were and are concealed, hidden out and unknown to complainant so that without the equitable process of this court, execution or other process against his estate or his personal representative would be unavailing to his creditors, and that respondents Robert E. McCarty, W. C. McCarty, Jr., Mary A. Gant and Kathleen Hays and divers and sundry other persons, firms or corporations, whose other, further or different names are to the complainant unknown, have either individually or collectively, money, property and effects that are properly a part of the estate of the said W. C. McCarty, deceased, or a substantial interest therein is the property of said estate of W. C. McCarty, deceased, which said property or a substantial interest therein was in the possession of or under the control of said named respondents prior to and at the time of the death of the said W. C. McCarty and which said property is kept concealed, hidden out and unknown to complainant and/or the personal representative of the said W. C. McCarty, deceased, so that same shall not become a part of said W. C. McCarty, deceased, estate, or will not be subject to the payment of the debts of said W. C. McCarty, deceased, by the exercise of ordinary legal proceedings and without the aid and assistance of this court in the premises."

The court expressed the opinion that the averments of this paragraph render it subject to demurrer for two reasons,—(1) in the use of the words "individually or collectively," where they appear, and (2) in the use of the words "and/or" in it.

But for those particular objections the allegations meet substantially the requirements of a bill for discovery of assets by a creditor under section 7343, Code. Pollak v. Billing, 131 Ala. 519, 32 So. 639; Elliott v. Kyle, 176 Ala. 167, 57 So. 752; Hackney v. Yarbrough, 233 Ala. 365, 172 So. 107.

We think the court was most too critical in sustaining the demurrer to this aspect of the bill for the two reasons indicated above. In our opinion the paragraph as it is written is not so indefinite or uncertain or imperfect as to be subject to demurrer in those respects.

The assignments of error question the decree insofar as it sustains the demurrer to each of the aspects, separately.

A demurrer is an entity in pleading, and it is due to be sustained if any one of the grounds is well taken. Hammons v. Hammons, 228 Ala. 264, 153 So. 210. But when the demurrer is addressed separately to distinct aspects of the bill on which separate relief is sought, it is as though

it were addressed to separate counts of a complaint.

■ There should be, as there are in the instant case, separate assignments of error in this Court in each such respect. When so, the ruling on the demurrer to each aspect may be separately considered from the others. There may be error as to one and not as to others. Allison-Russell-Withington Co. v. Sommers, 219 Ala. 33, 121 So. 42.

It is also insisted as to the bill in any aspect that the claim or right is barred by limitations apparent on the face of it, and that after ten years the presumption is that the judgment has been paid.

■ There is no conclusive presumption of payment short of twenty years. Patterson v. Weaver, 216 Ala. 686, 114 So. 301. Within that period a suit on the judgment may be either maintained (Section 8942, Code), or the judgment may be revived. Sections 7872, 7873, Code. The statutory presumption of payment after ten years (section 7871, Code) casts the burden on plaintiff of proving that it is not satisfied. Second National Bank v. Allgood, 234 Ala. 654, 176 So. 363. The bill here alleges that it is unsatisfied to the extent of $10,000.00 principal.

A creditor to maintain this suit in either aspect need not be a judgment creditor,—sections 7342, 7343, Code,—although the claim must have been reduced to a judgment, when it is of such nature as that it sounds in damages merely. Dowling v. Garner, 195 Ala. 493, 70 So. 150; Galloway v. Shaddix, 197 Ala. 273, 72 So. 617; Carter v. Longshore, 230 Ala. 486, 162 So. 115.

The claim, though originally sounding in damages, was liquidated by the judgment, even though it may not be enforceable as such judgment without the rendition of another judgment on it.

■ The original bill was filed by J. H. Hays as guardian for the use of Mary Frances Hays, a minor, who was the judgment plaintiff. A demurrer made the point that Mary Frances Hays was not a party. It was later amended so as to make Mary Frances Hays complainant by J. H. Hays, as guardian. She was a necessary party in equity. Wallace v. Montgomery, 226 Ala. 25, 145 So. 419; Upshaw v. Eubank, 227 Ala. 653, 151 So. 837; Amann v. Burke, 237 Ala. 380, 186 So. 769. The demurrer raised the point that this was a complete change of parties. This contention has been decided adversely to appellee, assuming that it is properly presented. Ex parte Kelen, 223 Ala. 87, 134 So. 856, and differentiated in Ex parte Cabaniss, 235 Ala. 181, 178 So. 1.

■ But in general such question should be raised by a motion to strike the amendment. Turner v. Roundtree, 30 Ala. 706; Springfield Fire & Marine Ins. Co. v. DeJarnett, 111 Ala. 248, 19 So. 995; Western Union Telegraph Co. v. Crumpton, 138 Ala. 632, 36 So. 517.

■ The court did not sustain the demurrer on any such ground, and rightly so. We think the demurrer to the first aspect of the bill was properly sustained, but the demurrer to the second aspect, and therefore to the bill as a whole, was laid in error. We do not consider other questions which occur to us, but not raised by demurrer. Quarles v. Grigsby, 31 Ala. 172; First National Bank v. Love, 232 Ala. 327, 167 So. 703.

It follows that the decree is affirmed insofar as it sustains the demurrer to the first aspect of the bill, and reversed in other respects.

Affirmed in part, and reversed and in part, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

### On Rehearing.

FOSTER, Justice.

We are cited to our cases of Clay County Abstract Co. v. McKay, 226 Ala. 394, 147 So. 407; Minor v. Thomasson, 236 Ala. 247, 182 So. 16, and Woco Pep Co. v. Montgomery, 227 Ala. 261, 149 So. 692, as being in conflict with what we have here written as to the use of the expression (or symbol) "and/or", when it appears in the bill or quoted in the opinion.

We do not think they conflict. In the two first above-named cases, demurrer on other grounds was held to be well taken, and on the facts of those cases, it was also said that this phrase rendered the bill prolix, equivocal and uncertain in violation of the statute. Code, section 6525. And in the latter case, it is said that this is an "interloper," and has no proper place in the parlance of pleading, but it was not held to be subject to demurrer on that ground. In the last edition of Webster's Dictionary, it is set out as meaning either, "and" or "or".

■ We have knowledge of the fact that it has come into use in our legislative enactments, and in commercial bonds, deeds of trust, insurance policies and other contracts of importance. We do not think it should be condemned when used in pleading to the extent of holding that its use renders the pleading in all instances subject to demurrer. But whether so or not depends upon whether, when considered in the light of its context and meaning, as defined above, and as commonly understood, it creates a defective or ambiguous status. It is an alternative statement, and the pleading should be weighed in that light when it is used to determine whether each alternative is properly set up. Henderson v. Nolting First Mortgage Corp., 184 Ga. 724, 193 S.E. 347, 114 A.L.R. 1022; 3 Corpus Juris Secundum, and, 1069.

■ In this case the allegation is that the hidden or concealed property is "unknown to complainant and/or the personal representative of the said W. C. McCarty, deceased, so that same cannot become a part of said W. C. McCarty, deceased, estate." Complainant was a judgment creditor of McCarty, and sought a discovery of assets. In the connection in which it is used here, we think the clause means to allege that neither of such parties had the information referred to.

We still think that the aspect of the bill thus expressed is not subject to demurrer on that ground.

■ It is also insisted that a bill for discovery cannot be sustained under section 7343, Code, after the death of the debtor. The case of LeGrand v. McKenzie, 110 Ala. 493, 20 So. 131, is cited to support this contention. That was where a corporation was the debtor and certain officers of the corporation were made parties because they had personal knowledge of the matters sought to be discovered. Pending the suit one of them died. It was held that it could not be revived against his personal representative. This was based on the fact that no effort was made to subject the property, which he claimed or possessed, to the debt of the corporation; and that his mere knowledge died with him. The whole theory supports the view that when the debtor dies a bill of discovery under this statute is available with the personal representative a party.

■ It is also insisted that a bill of discovery of assets will not lie by a creditor where one of the parties of whom discovery is sought, is not a debtor, citing Terrell v. Southern Ry. Co., 164 Ala. 423, 51 So. 254, 20 Ann.Cas. 901. That was a bill for the discovery of evidence not of assets as here. A theory is there mentioned that such a bill of discovery solely in aid of a defense to an action at law will not lie against one not a party to the record at law; but it there sustained a bill where for the reasons named one of the parties was not a party at law.

The theory of this bill is not for discovery of evidence either with or without relief as such right is recognized in equity, and it is not to be measured by the rules which pertain to such a bill. But it is one by a creditor for the discovery of assets under a Code section, which has existed in Alabama through five codes as indicated in section 7343, Code of 1923.

We cited three of our cases on the subject. Many more could be cited, and are referred to in them. In one of them, Hackney v. Yarbrough, 233 Ala. 365, 172 So. 107, it was distinctly held that others named and made parties were properly brought in and required to make disclosure, though they were not debtors to the complainant, nor alleged to be in privity with the debtor.

It must be remembered that this is a creditors' suit, and so limited. And as such the authorities generally support our case, supra, that others than the debtor may be made parties in the same suit to disclose concealed assets. 15 Corpus Juris 1444. The personal representative and heirs of the debtor are here made parties, as were also the personal representatives and heirs of the deceased grantee in a certain deed sought to be vacated under the first aspect of this bill. They are those who are objecting that they cannot be made to disclose concealed assets of the debtor, because the statute authorizing such discovery is limited to the debtor. That statute certainly includes all those who are also in privity with him, as well as those otherwise properly made parties, and all other persons who are not so related but are alleged to have property subject to said debt, which they conceal and hide out, which is unknown to complainant.

The application for a rehearing is overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.