# Wood v. Hudson.

*Bill in Equity for Discovery, and Account.*

1. *Discovery; equitable jurisdiction.*—The established jurisdiction of courts of equity to compel discovery is not affected by statutory provisions authorizing the examination of parties as witnesses in courts of law.

2. *Bill for discovery and relief; averments showing that discovery is necessary.*—A bill in equity for discovery and an accounting alleged that the complainant conveyed to the defendants in fee 86 town lots, to be resold by defendants, complainant to receive one-fifth of the profits of the resale; that defendants had resold all the lots for large considerations, which they had collected; that the records of conveyances in the Probate Court showed that 49 of the lots were sold for $47,400; but that defendants, though frequently requested to do so, refused to account, or to give the complainant any information by which he could ascertain the considerations for which the lots were sold, or the amount received therefor, and that the complainant "did not know, and had no means of knowing, or way of procuring, the necessary information to enable him to state the account." *Held*, that the bill showed that a discovery was necessary, and that a de-

murrer to the bill, on the ground that the complainant had an adequate remedy at law, should not be sustained.

APPEAL from the Chancery Court of Lauderdale.
Heard before the HON. THOMAS COBBS.

WOOD & WOOD, and SIMPSON & JONES, for appellant.

EMMET O'NEAL, and NATHAN PARKINS, contra.

COLEMAN, J.—The bill of complaint is one filed for discovery and relief. The chancellor sustained the demurrer to the bill, upon the grounds that complainants had a "full, complete and adequate remedy at law." · From the decree sustaining the demurrer the present appeal was prosecuted.

Complainant avers in his bill that on the 18th day of December, 1888, he sold and by deed conveyed to respondents eighty-six lots in the town of Florence, the consideration for which was thirty thousand dollars, and in addition thereto complainant was to receive a one-fifth interest of the profits from a resale of the lots; that an absolute deed of conveyance was executed to the vendees of complainant, to enable them to sell and make deeds to purchasers, without being embarrassed by the retention by complainant of a vendor's lien for the unpaid consideration. The fifth paragraph of the bill avers and charges, upon information and belief, that respondents have re-sold all the lots and received large considerations therefor, but what considerations have been received are unknown to complainant. It is stated in the bill that by investigation complainant has ascertained from the records of the Probate Court that forty-nine of the lots were sold for the sum of forty-seven thousand and four hundred dollars.

If the bill sought an accounting for these forty-nine lots, it would be clearly without equity, as it would require but a simple calculation to ascertain the amount due plaintiff for his one-fifth interest in the profits, according to the terms of his contract of sale. But the bill avers that the entire lots (eighty-six in number) have been re-sold. There remains, therefore, the purchase-money for thirty-seven lots to be accounted for by respondents.

Complainant avers that "he does not know, and has no means of ascertaining, and no way of procuring, the infortion necessary to correctly state an account between himself and respondents," and he avers that he has applied time and again to respondents for a settlement and payment, and the

[Wood v. Hudson.]

statement of an account, or the information to enable him,
plaintiff, to state the account and that respondents have
"uniformly" neglected or declined to furnish him a state-
ment, or the necessary information to enable him to state
the account between them.

It is contended in argument, that the averment that com-
plainant "does not know, and has no means of ascertaining,
nor way of procuring, the information necessary to a correct
statement of the account," is a mere conclusion of the pleader;
and, standing alone, this might be true, but taken in connec-
tion with the facts averred, we are of opinion the averment
is more than a mere conclusion. The bill shows that the
legal title to all the lots was in respondents; that the lots
have been re-sold by them for large considerations, which
have been collected, and respondents refuse to account or
give complainant any information by which he may ascer-
tain the considerations for which they were sold, or the
amount received therefor, although frequent requests and
demands have been made for the information. These and
similar allegations are followed by the averment, which em-
phasizes the equity of the bill, that the complainant "did
not know, and had no means of knowing, or way of procur-
ing, the necessary information, to enable him to state the
account."

If these averments are true, for what amount would plain-
tiff sue in a court of law? And if he should state an
amount at a venture in a declaration, by what testimony
would he proceed to establish his claim, unless by that of
the respondents themselves?

The well established jurisdiction of a court of equity, to
compel a discovery from a party, is not affected by the statu-
tory provisions which permit an examination of the parties
to a suit as witnesses in a court at law. The jurisdiction
remains the same as before the adoption of the statute. The
jurisdiction of the Chancery Court having once rightfully
attached upon the ground that a discovery was necessary,
the court will proceed to adjudicate questions and claims,
although of a purely legal character themselves, which are
connected with or proceed from those in regard to which a
court of equity grants relief by discovery. We cite the
following authorities Va. & Ala. M. M. Co. v. Hale, 93 Ala.
542; Handley v. Heflin, 84 Ala. 600; Shackelford v. Bankhead,
72 Ala. 476; Con. Life Ins. Co. v. Webb, 54 Ala. 688; 1 Story's
Eq. Jur., §§ 71, 72; 1 Pom. Eq., § 230.

It may be that respondents' answer will deny the grounds
upon which a discovery is sought, and plaintiff's proof may

[Fort Payne Furnace Co. v. Fort Payne Coal & Iron Co.]

fail to sustain the averments which give the bill on its face a standing in a court of equity. In such case, the bill should be dismissed and the plaintiff be required to seek his remedy in a court of law. The relief is granted only upon the ground that the equitable jurisdiction of the court has rightfully attached, and after this is shown the court proceeds to render full relief.

Reversed and remanded.