# McKissack v. Voorhees, Miller & Co.

## Statutory Bill of Discovery.

1. *Order granting rule nisi, will not support an appeal.*—An order
   granting a *rule nisi* to show cause why the respondent should
   not be adjudged guilty of contempt of court is not such a final
   decree as will support an appeal under the statute providing
   for appeals from final decrees, and there is no statute author-
   izing appeals from such orders.
2. *Extent of relief under bill of discovery.*—A bill of discovery filed
   under Code of 1896, §819, on behalf of complainants and other
   creditors who may come in and make themselves parties com-
   plainant, will not warrant relief for a greater sum than is
   sufficient to make full satisfaction of the claims of the par-
   ties seeking relief.
3. *When bill of discovery sufficient.*—A bill of discovery is not de-
   murrable because it fails to aver in terms that complainants
   have obtained judgments at law upon which executions have
   issued and been returned "no property found," or that com-
   plainants were creditors without a lien or judgment, or that
   the property sought to be subjected is within the jurisdiction
   of the court, or does not propound interrogatories to be
   answered by respondent.
4. *When bill of discovery not sufficiently sworn to.*—An affidavit to
   a bill of discovery made by complainant's solicitor to the
   effect that the "bill is in every respect true and correct ac-
   cording to affiant's best belief and recollection," is wholly
   insufficient.
5. *Contempt; when failure to obey order of court is not.*—A respond-
   ent is not guilty of contempt of court in failing to obey an

order requiring him to pay money to a receiver which, it is decreed, he fraudulently withholds from his creditors, unless he had the money in his possession or under his control at the time of the order, or had disposed of same after suit brought in anticipation of, and to avoid the order of the court.

APPEAL from Henry Chancery Court.

Tried before Hon. JERE N. WILLIAMS.

The bill avers that during the year 1892, the defendant, being engaged in the mercantile business in the town of Dothan, Henry County, Alabama, became indebted to complainants, severally, in the sums named as shown by itemized statements of accounts made exhibits to the bill. The bill further avers: "Orators are advised, believe and so charge that the defendant is in possession or control of a large sum or sums of money which he fraudulently withholds from his large and varied family creditors, or that he has property, or an interest in property, unknown to orators, which in equity. and good conscience ought to be subjected to the payment of their debts, all of which said money or property is artfully and purposely kept hidden out or concealed in such manner as that orators are unable to subject or discover the same by the ordinary process of a court of law." It is deemed unnecessary to set out the particular averments of fraud, the prayer for relief, or the evidence on which the decree and order of the chancellor were based. The defendant demurred to the bill on the following grounds: "Because said bill fails to state that complainants had obtained a judgment at law upon which execution has issued and been returned 'no property found' or that complainants were creditors without a lien or judgment." "Because the bill fails to state that the property sought to be subjected to the payment of complainants' claim was situated within the State of Alabama and within the jurisdiction of the court." "Because said bill does not propound the interrogatories to be answered by the defendant in the form, effect and substance as required by law." The amended affidavit to the bill is as follows: "Before me, W. O. Long, Register in Chancery, personally appeared W. W. Sanders,

one of the solicitors for complainants, who being sworn says that said complainants reside in different states and are all non-residents of the State of Alabama and that it is almost impracticable for each of them to verify said bill and that said bill is in every respect true and correct according to affiants' best belief and recollection. (Signed) W. W. Sanders." The defendant, after this amendment was filed, demurred to the bill on the following grounds: "Because the matters and things set out in complainants' bill of complaint are not verified or sworn to as true and matters of fact as is required by law." "Because the amended affidavit attached to said bill does not give a sufficient reason why said bill was not sworn to by the complainants themselves as required by law."

The other facts are sufficiently shown by the opinion. Respondent appeals and assigns as error the overruling of his demurrers to the original and amended bill, the final decree granting relief to complainants, and the order granting a *rule nisi* for contempt.

R. H. WALKER, LEE & LEE, for appellants.

W. W. SANDERS, *contra.*

COLEMAN, J.—The appellees, as creditors of the appellant, filed their bill under section 819 of the Code of 1896 for the discovery of assets, subject to the payment of their demands. The respondent answered the bill, in which he denied that he had or owned or claimed any interest, legal or equitable, in any property, money or choses in action, legal or equitable. After answer filed, upon the application of complainants, as provided in section 822 of the Code of 1896, the chancellor ordered an examination of the debtor before the register, which order the respondent complied with. The cause was submitted upon the testimony for decree. The court adjudged and decreed that the complainants were entitled to relief, and that respondent had in his possession or under his control the sum of fourteen thousand seven hundred and fifty-eight dollars which he fraudulently concealed and withheld from his creditors, and it was ordered and decreed that he pay or deliver the same to the receiver, who had been appointed by the court,

for the purpose of having the same applied to complainants' demands. The respondent having failed to pay over or deliver to the receiver on his demand, the money or assets as ordered by the court, upon application of the complainants, the court issued a *rule nisi*, which was duly served, to respondent, to appear on a day named and show cause why he should not be adjudged guilty of contempt of court for refusing to pay or deliver to the receiver the said sum of $14,758.

The present appeal is prosecuted both from the decree, adjudging that respondent fraudulently withheld $14,758 from his creditors and the order to pay it over to the receiver, and also the order granting the *rule nisi*.

An order granting a *rule nisi* is not such a final decree as will support an appeal, under the statute providing for appeals from final decrees, and there is no statute authorizing appeals from such orders.

No question has been raised in this court as to the sufficiency of the decree adjudging that respondent fraudulently witholds $14,758 from his creditors, which he is ordered to pay over to the receiver. We deem it proper to consider the decree and order in some of their features. Although the bill is filed by complainants on behalf of themselves and other creditors who may come in and make themselves parties complainants, the aggregate amount of the claims of creditors who are seeking relief, according to the averments of the bill, will not exceed twenty-five hundred dollars. Full satisfaction of their claims is all the relief they are entitled to. There has been no judicial ascertainment and decree therefor of the sums due complainants or either of them, and the amounts averred by the bill to be owing are not admitted by the answer to be correct.

The objections to the framing of the bill are not well taken. It seems to have been prepared with care, and is not open to any of the objections raised against its form, or the sufficiency of its averments.

The law requires that bills for discovery shall be sworn to.—*Sweetzer v. Buchanan,* 94 Ala. 574; *Lawson v. Warren,* 89 Ala. 584. The affidavit as amended is wholly insufficient. The deficiency was pointed out in the cases of *Burgess v. Martin,* 111 Ala. 656, and authorities cited.

It is unnecessary to add anything to what has been

said on this question. This objection was well taken and should have been sustained. For this error the case must be reversed.

We will not undertake to examine in full the evidence, but deem it not out of place to call attention to some principles which may apply. The evidence upon which the decree and orders of the court were based consists almost entirely of the testimony of the respondent given on his examination before the register. Unless the defendant had the money in possession or under his control at the time of the order, or had such possession and control of it after the commencement of the suit and had disposed of it, in anticipation of the decree and order and to avoid its mandate, he would not be guilty of contempt for failing to obey the order to pay the money over to the receiver. It is not sufficient that the defendant fraudulently disposed of his property to defraud his creditors, or wasted his assets, or spent them in "riotous living," to justify his imprisonment. There must exist the ability to obey the order, or the evidence must show some disposition of the property in anticipation of and to avoid the order of the court.— *Adair Bros. v. Gilmore,* 106 Ala. 436; *Carr v. The State,* 106 Ala. 35.

Reversed and remanded.