# Lindsey Lumber Co. *et al. v.* Mason, *et al.*

### *Bill for an Accounting and a Discovery.*

#### Decided Feb. 10, 1910.—51 South. 750.)

1. *Account; Equality; Discovery.*—Where, from the facts averred discovery is sought of matters peculiarly within the knowledge of the respondent, and without which complainant cannot establish the measure of his right against respondent, equity has jurisdiction of an accounting.

2. *Same; Bill; Sufficiency.*—A bill for an accounting and discovery is sufficient in averment of facts leading to the necessity for a discovery where it set out the contract between the parties, alleged its assignment to complainant and furnishing under the contract of orders by complainant to respondent and the filling thereof by the complainant, the agency of the respondent for the complainant, that respondent had entire control and management of the sale of practically all the output of complainant's mill, and the collection of the purchase money; that respondent would collect the same and was supposed to deduct his commission and account for the balance to complainant; also alleging that many cars of lumber were shipped and deals had aggregating in value many thousands of dollars, and that complainant was not able to prove or show the amount for which the lumber was sold except by aid of discovery; alleging also on information and belief that the respondent in many cases obtained a much larger price for the lumber than represented by his account thereof, and that by reason thereof respondent is largely indebted to complainant, but from the nature of the case it is impossible for complainant to state the amount of such indebtedness; alleging further several requests upon respondent to render an itemized statement of the account and respondent's failure to do so, and that complainant had no way of arriving at a correct statement of account, except by discovery, and containing a detailed description of the way in which respondent handled and disposed of the orders charging in this connection the need of an accounting and discovery.

3. *Assignments; Instructions; Property Conveyed.*—An assignment conveying to the assignee all sums owing to the assignor under and by virtue of a certain contract, or under or by virtue of any transactions based upon or growing out of said contract, or any business done thereunder, conveys not only the claims arising out of the original contract but those arising under its extension by agreement.

4. *Sales; Contract; Construction.*—The contract of sales in this cause examined and held to create the relation of principal and agent between the parties thereto, and not that of vendor and vendee.

APPEAL from Escambia Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by W. E. Mason and another, as assignees of the Canoe Mill Company, against the Lindsey Lumber Company and others. From a judgment overruling demurrers to the bill, respondents appeal. Affirmed.

The bill sets out the contract between the Lindsey Lumber Company and the Canoe Mill Company, and its assignment to the complainants in this cause, alleges the furnishing of orders by the Lindsey Lumber Company to the Canoe Mill Company, and the filling of the orders by the Canoe Mill Company, and on this state of facts alleges the agency of the Lumber Company for the Canoe Mill Company. It further alleges that during the entire operation of the original contract, as well as the extension, the Lindsey Lumber Company had the entire control and management of the sale of practically the entire output of the Canoe Mill Company and the collection of the purchase money, and that the Lindsey Lumber Company would collect same, and was supposed to deduct their commission and then account for the balance to the Canoe Mill Company. It is then alleged that many car loads of lumber were shipped under this arrangement, and that deals were had aggregating in value many thousands of dollars, and that orators are not able to prove the amount for which these various cars of lumber and other deals were sold, except by the aid of the discovery hereinafter sought. It is then alleged on information and belief that in some cases the Lindsey Lumber Company obtained a much larger price for the lumber than they represented to the Canoe Mill Company, and by reason of this said Lindsey Lumber Company is largely indebted to orator, though from the nature of the case it is impossbile for orator to state the exact amount of such indebtedness, and the said Lindsey Lumber Company, being the agent of orator, should have accounted for the full purchase price of the lumber

sold by them, after deducting their commission. It is then alleged that requests have several times been made of the Lindsey Lumber Company to render orators an itemized statement of the accounts between themselves and the Canoe Mill Company, showing all the dealings, etc.; that said Lindsey Lumber Company refuses to do this, and that orators have no way of arriving at a correct statement of said account except by the aid of discovery, which is hereafter sought; and that upon a final accounting it will appear that orators were entitled to a large sum of money from said Lindsey Lumber Company for the same. Then follows a list of interrogatories, setting out the things to be answered, together with the items to be inquired about. This bill was verified. The amendment to the bill contained a detailed description of the way in which the Lindsey Lumber Company handled and disposed of the orders sent to the Canoe Mill Company, and charged, as in the original bill, the need of an accounting and discovery. The demurrers raised the question of the equity of the bill, an adequate remedy at law, that no relation is shown between complainants and defendants to entitle complainants to call upon defendants for an accounting, and that the Canoe Company is a nceessary party to the bill. There are other demurrers, raising the question of want of mutuality of accounts and for want of complication of account.

LEIGH & LEIGH, for appellant.—The contract sued on does not create the relation of principle and agent, but creates that of vendor and vendee.—31 Cyc. 1199-1200; *Conn v. Chambers,* 107 N. Y. Supp. 976; *Fabriken v. Rodgers,* 65 N. Y. Supp. 478. Complainants have a plain and adequate remedy at law, and there is no such complication of account as calls for the interposition

[Lindsey Lumber Co. et al. v. Mason, et al.]

of equity.—1 Story Eq. Jur., Sec. 458; *Folle v. Lawrason,* 5 Peters 495; *Knotts v. Tarver,* 8 Ala. 743; *Darthez v. Clemmons,* 6 Beav. 165; *Van Leer v. Kirkman,* 7 Ala. 217; *Dickerson v. Lewis,* 34 Ala. 538; *State v. Bradshaw,* 60 Ala. 238; *County of Dallas v. Timberlake,* 54 Ala. 403; *Lott v. Mobile County,* 79 Ala. 69. Even if the relation of principle and agent exist, there is no such fiduciary relation shown as entitles the principal to call upon the agent to account in equity.—*Knotts v. Tarver, supra;* *Pollack v. Caflin Co.,* 138 Ala. 644; *Hulsey v. Walker County,* 147 Ala. 501; 6 Pom. 932; 4 Pom., Sec. 1241; 31 Cyc. 1609. The bill does not make a case for discovery.—*Dargan v. Hewlett,* 115 Ala. 511; *Guice v. Parker,* 46 Ala. 616; *Hulsey v. Walker, supra.* The assignment does not transfer all of the claim and splits the case of action, thus making the Canoe Mill Company a necessary party.—*McPherson v. Parker,* 89 Am. Dec. 129; *Cannon v. Ballard,* 50 Atl. 178.

GESSNER T. McCORVEY, for appellee.—The contract creates the relation of principal and agent between complainant and respondent and binds respondent to account to complainant as at and for the price obtained for the property sold.—1 A. & E. Ency. of Law, 1072; *Cutter v. Denman,* 111 Mass. 474; 31 Cyc. 1436. Where necessity for discovery is shown there can be a full accounting in a court of equity.—*Beggs v. Edison E. I. Co.,* 96 Ala. 295; *Hulsey v. Walker County,* 147 Ala. 501; 6 Pom., Sec. 932; *Wood v. Hudson,* 96 Ala. 469.

McCLELLAN, J.—Necessarily denying the adequateness of the remedy at law, the jurisdiction of equity for an accounting, though on one side only, is undoubted, where, from the facts averred, discovery is sought of matters peculiarly within the knowledge of the respond-

ent, and without which complainant cannot establish the measure of his rights against the respondent.— *Beggs v. Edison Co.*, 96 Ala. 295, 11 South. 381, 38 Am. St. Rep. 94; *Hall v. McKeller*, 155 Ala. 508, 46 South. 460—among others. Aside from the question whether the Canoe Mill Company is an indispensable party to this cause, the chief points to which the solicitors have attended in briefs are practically determinable by a construction of the contract.

The insistence for appellant, Lindsey Lumber Company, is that the relation, created by the contract, between the Canoe Mill Company and the Lindsey Lumber Company, was that of the vendor and vendee, respectively, of the entire cut of the mill of the former. On the other hand, and as decided by the learned chancellor, the appellees' contention was that the contract created the relation of principal and agent, between the parties, respectively. If the latter contention is sound, it results from a cardinal rule of equity that the agent could not take and hold a profit out of transactions had within the scope of the agency.—2 Ency. L. & P. pp. 1057, 1059. In order to sustain the appellants' insistence it is, of course, essential to hold that the common intent of the parties, under this contract, was to effect a sale of the entire output—cut—of the mill to the appellant. If the contract will not admit of that interpretation, it is not necessary to do more than state that the relation between the parties was that of principal and agent.

From the contract it is necessarily inferable that the Canoe Mill Company operated a sawmill, the product being for sale; that this company was not financially full-handed nor favorably situated otherwise to promote the sale of the mill's product and to facilitate the collection of the proceeds of the sales thereof. On the

other hand, the Lindsey Lumber Company was favored in these respects. In this state of circumstances the Lindsey Lumber Company engaged to furnish the Canoe Company orders "at current market prices, suitable to cut all of the (Canoe Company's) logs into," for a stipulated period that was by mutual agreement extended, "and to arrange for such financial assistance as the Canoe Company may require from time to time to operate the mill, to make all collections for timber and lumber, to render such assistance as may be possible in getting cars to move said lumber." In consideration of these services, the Canoe Company contracted to pay to the Lindsey Company $1 per thousand feet for all lumber cut and shipped, regardless of whether the orders were secured by the Lindsey Company or accepted by the Canoe Company without the service of the Lindsey Company. It was also provided that the latter class of orders could not be accepted so as to conflict with the filling of the orders of the former class.

When read in the light of the situations of the parties and of what was assumed as obligations on their respective parts, there can be no doubting, even, that the purpose and manifest common intent was to create a relation of principal and agent, and in no event to constitute the Lindsey Company a vendee of the cut of the mill. Aside from anything else, the employment of the word "orders," as therein contexted, put the matter beyond all cavil. Clearly the services in that regard contemplated the inducing of third persons to buy the product of the Canoe Company's mill. Other features, such as the stipulation for compensation for the services to be rendered by the Lindsey Company, obviously negative any intent whatever to sell the product to the Lindsey Company. The provision with respect to the current market price was inserted in the sole interest

of the Canoe Company, and its evident office was to protect that company from orders, taken or received by the Lindsey Company, based on a price below the current market price. There is nothing in the instrument to warrant an insistence that a sale of the cut of the mill to the Lindsey Company was at all contemplated. The compensation to the agent is fixed by the contract at the sum of $1 per thousand feet of the cut of the mill.

The assignment by the Canoe Company to the appellees contains these words: "* * * All sums owing to it by the Lindsey Lumber Company under and by virtue of a certain written agreement entered into by and between said Canoe Mill Company and Lindsey Lumber Company, dated November 12, 1906 (that stated above, we explain), or under or by virtue of any transactions based upon or growing out of said contract or any business done thereunder." The comprehensiveness of the language used necessarily concludes against the insistence that the subject of the assignment was only claims arising out of the original contract, before its extension by mutual agreement.

The bill as amended is sufficient in averment of facts leading to the necessity for a discovery, in connection with the general averment of inability to make the requisite proof without the discovery prayed, to avoid any objection on that account.—*Wood v. Hudson*, 96 Ala. 469, 11 South. 530.

If the Canoe Mill Company is not indebted to the Lindsey Lumber Company in a sum in excess of the indebtedness of the latter to the former company, it is evident that the Canoe Company is not a necessary party to this cause, notwithstanding the assignees (complainants) are but substitutes in the premises for that company. It does not appear that such is, or will develop to be, the case. On the contrary, the whole

[State, ex rel. Garber, Attorney General v. Abraham, et al.]

theory of the bill is that the Canoe Company, to whose rights complainants have succeeded, is a clear creditor of the Lindsey Company, the agent. It may. be that in the subsequent pleadings in the cause it will develop that such is not the case. If that should be discovered, it may be a question whether the Lindsey Company would be entitled to a decree over, if so found on the accounting, against the Canoe Company without cross-bill properly invoking that relief. We do not decide the question.

The decree overruling the demurrers must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.