### BORISS CONST. CO. et al. v. DEASEY.
### (6 Div. 296.)

(Supreme Court of Alabama. March 26, 1925.)

**1. Account ⬧17(1)—Bill for accounting, based on contract of employment, held to contain equity as disclosing inadequacy of legal remedy occasioned by necessity of discovery preliminary to relief.**

Bill for accounting, based on complainant's employment by respondent corporation to procure and supervise construction work for a compensation equal to a certain percentage of net profits of each engagement procured and completed, in connection with which respondent agreed to keep records of profits and to account therefor to complainant, *held* to contain equity as disclosing inadequacy of legal remedy occasioned by necessity of discovery as preliminary to relief.

**2. Pleading ⬧34(1)—Pleadings are to be given a reasonable common sense construction.**

Pleadings are to be given a reasonable common sense construction, as opposed to a strained unnatural and too refined and technical construction.

**3. Account ⬧17(1)—Bill for accounting does not require technical accuracy in all details.**

Bill for accounting does not require technical accuracy in all details.

**4. Account ⬧17(1)—Bill for accounting based on contract of employment, held to state essential facts and sufficiently to inform respondents of nature of cause.**

Bill for accounting, based on complainant's employment by corespondent company to procure and supervise construction work for a compensation equal to agreed percentage of net profits of each engagement procured and completed, in connection with which corespondent company agreed to keep records of profits, and to account therefor to complainant, *held* to state essential facts necessary to establish case and sufficiently to inform respondents of the nature of the cause.

**5. Account ⬧17(1)—Bill alleging contract with corespondent and work done thereunder, for which compensation was due, held sufficient as regards contract.**

In bill against corespondent corporation for accounting based on contract of employment, averment alleging the contract with corespondent, and work done thereunder for which compensation was due, *held* sufficient; the question of the validity of such contract being a matter of proof.

**6. Discovery ⬧17—Bill against corporation for discovery in aid of accounting held to meet requirement as to necessity of making officer of corporation party.**

Bill against corporation for discovery in aid of accounting, *held* to meet requirement as to necessity of making officer of corporation party, where it alleged that B. was president of respondent corporation and made him a party respondent.

**7. Action ⬧62—Bill for accounting for percentage of net profits of building operations held not prematurely filed.**

Bill against construction company for accounting, to determine compensation due complainant under his contract of employment, giving him certain percentage of net profits of building operations procured and completed, *held* not prematurely filed, where several of the building operations were completed, and, though one construction contract with county board of education was not fully completed, that board was made a party to prevent a diversion of the sum remaining due and in which complainant was interested.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity for accounting by E. J. Deasey against Boriss Construction Company and others. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

Charles W. Greer, of Birmingham, for appellants.

When discovery is sought against a corporation, it is necessary to join some officer of the corporation as a party defendant. 18 C. J. 1064; Birmingham Belt R. R. v. Lockwood, 150 Ala. 610, 43 So. 819; Gulf Comp. Co. v. Jones Cot. Co., 157 Ala. 32, 47 So. 251; Virginia Mfg. Co. v. Hale, 93 Ala. 542, 9 So. 256; King v. Livingston Mfg. Co., 180 Ala. 118, 60 So. 143; Sims, Chancery Pr. 65; Le Grande v. McKenzie, 110 Ala. 493. It is necessary to show complaint is not prematurely filed. Sims, Ch. Pr. 123. Complainant has an adequate remedy at law. McCullough v. Talladega Ins. Co., 46 Ala. 376; Stanley v. Sheffield, etc., Co., 83 Ala. 260, 4 So. 34. A bill in equity must contain a clear and orderly statement of the facts. Seals v. Robinson, 75 Ala. 363; Code 1923, § 6525. All persons legally interested must be made parties to the suit. Perkins v. Brierfield Iron & Coal Co., 77 Ala. 403; Sims, Ch. Pr. 264.

Weatherly, Birch, McEwen & Hickman, of Birmingham, for appellee.

Complainant has no adequate remedy at law, and is entitled to an accounting and discovery. Wood v. Hudson, 96 Ala. 469, 11 So. 530; Hall v. McKeller, 155 Ala. 508, 46 So. 460; Lindsey Lbr. Co. v. Mason, 165 Ala. 194, 51 So. 750; Beggs v. Edison, Co., 96 Ala. 295, 11 So. 381, 38 Am. St. Rep. 94; Pollak

─────

⬧For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

v. Claflin Co., 138 Ala. 644, 35 So. 645; Halsted v. Rabb, 8 Port. 63; Kirkman v. Vaulier, 7 Ala. 217.

GARDNER, J. This appeal is from a decree overruling the demurrers of appellants to appellee's bill. Broadly stated, from the allegations of the bill, it appears that complainant entered into a contract with the Boriss Construction Company to procure engagements in construction work to be performed by said company, and to supervise and direct such work, and to receive by way of compensation for such services 35 per cent. of the net profits of each engagement so procured and completed. A number of such building operations are designated, and those that have been fully completed are also named. One of the building operations was that of the Concord schoolhouse, which is 95 per cent. completed, and as to which there is yet a substantial sum due by the county board of education, and out of which a substantial profit has been made.

The company agreed to keep the books of account, showing all matters of expenditure and collections on account of these building operations, and showing all profits derived, and to account to complainant therefor. Such books and accounts have been kept, but complainant's demand for a settlement of account has been denied, and the information therein contained is peculiarly within the knowledge of the respondent and its president, Julian I. Boriss, without a disclosure of which complainant will be unable to establish the measure of his rights.

[1] Under these averments in a suit at law, for what an amount would plaintiff sue, and, as asked in Wood v. Hudson, 96 Ala. 469, 11 So. 530, "if he should state an amount at a venture in a declaration, by what testimony would he proceed to establish his claim, unless by that of the respondents themselves?" The bill therefore shows the duty resting upon respondents to render complainant an accounting, and disclose the inadequacy of the remedy at law, occasioned by the necessity of discovery as preliminary to relief. There is equity in the bill. Wood v. Hudson, supra; Va. & Ala., etc., Co. v. Hale, 93 Ala. 542, 9 So. 256; Lindsey v. Mason, 165 Ala. 194, 51 So. 750; Hall v. McKeller, 155 Ala. 508, 46 So. 460; Rasch v. Peters, 201 Ala. 569, 78 So. 913. We are of the opinion the bill sufficiently shows the contract entered into and the building operations procured and supervised.

[2-4] While recognizing and giving full force to the rule that pleadings are to be construed most strongly against the pleader, this court has frequently stated that nevertheless pleadings are to be given a reasonable common sense construction, as opposed to a strained unnatural and too refined and technical construction. Nor is technical accuracy to all details required. So construing the bill in this cause, we think it states the essential facts necessary to make out complainant's case, and sufficiently informs respondents of the nature of the cause for which they are called upon to defend. Overton v. Moseley, 135 Ala. 607, 33 So. 696; Camper v. Rice, 201 Ala. 579, 78 So. 923.

[5, 6] The bill alleges a contract with the Boriss Construction Company, and work done thereunder for which compensation is due. This we think sufficient; the question of validity of any such contract as having been made on the part of the corporation by one authorized thereto, being a matter of proof. It is further argued that an officer of the corporation is a necessary party, discovery being sought—citing Va. & Ala., etc., Co. v. Hale, supra.

[7] The bill alleges that John I. Boriss is president of the respondent corporation, and he is made a party to the cause, which sufficiently meets this objection. Nor do we consider the bill defective as one having been prematurely filed. Several of the building operations have been completed, and, while that of the Concord schoolhouse is not fully completed, yet the county board of education is made a party to the end that the sum remaining due, and in which complainant is interested, be not diverted.

It may be the averments of the bill are insufficient to show insolvency, and such a pressing necessity as to justify the appointment of a receiver, though this is a question we need not decide. Weatherly v. Capital City Water Co., 115 Ala. 156, 22 So. 140; Weiss v. Goetter Weil & Co., 72 Ala. 259; 34 Cyc. 57.

There is no prayer for a receiver, and very evidently these assignments of demurrer were not passed upon by the chancellor, as his decree appears only to rule upon the demurrers to the bill as a whole. Moreover, as no receiver has been appointed or asked for, it is doubtful that the court would feel justified in resting a reversal upon the insufficiency of the averments in that respect under these circumstances; no injury appearing.

It results that the decree overruling the demurrer to the bill will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.