(131 So. 634)

## CLEVELAND STORAGE CO. v. GUARDIAN TRUST CO.

### 4 Div. 517.

Supreme Court of Alabama.

Dec. 18, 1930.

Steiner, Crum & Weil, of Montgomery, and Farmer, Merrill & Farmer, of Dothan, for appellee.

Rushton, Crenshaw & Rushton, of Montgomery, and D. C. Halstead, of Headland, for appellant.

FOSTER, J.

Appellant company was engaged in conducting a warehouse for the storage of lum-

ber. It issued receipts or warrants for the lumber stored with it. Such lumber was manufactured by Gulf Region Lumber Company, to which the receipts were issued payable to its order, and by it transferred to appellee as security for loans made. By this method appellee came into possession of receipts for a large quantity of lumber stored in the warehouse of appellant. After a fire which burned some of it, for which appellee received the insurance, it is alleged that it still holds receipts for 12,970,000 feet, but there were in storage only about 5,500,000 feet, at the time of filing the bill, and that demand had been made for the delivery of the amount shown by the receipts. The receipts or warrants are alleged to contain an indorsement as a part of them, as follows:

"This warrant in common with all others issued, and which may be issued, does not cover any identical lot or special sizes of lumber, and delivery is subject to substitution from earlier or later receipts, said Storage Company reserving the right at any time, on demand, to select from the stock in its custody the lumber to be delivered hereunder. This warrant is accepted and negotiated subject to these conditions.".

It also reserved the right to deliver any grade of lumber on hand.

It is further alleged that complainant is not advised or informed of the grade of such lumber, nor whether any substitution was made pursuant to the authority of the receipts so issued.

The purpose of the bill is to obtain a discovery of all the facts relating to the issuance of the receipts and disposition of the lumber and what substitutions were made, the grade and quality of same, and for an accounting for the value of that not on hand and for a delivery to it of that now in possession of respondent. From a decree overruling demurrer to the bill in its essential features, respondent appeals.

■ Though the bill does not allege that the receipts were negotiated to appellee by indorsement, it does show a transfer, presumably by delivery, as collateral security. While they could not be "negotiated" in that manner, they could be "transferred" without indorsement, so that the purchaser would acquire title to the property. Code 1923, §§ 10548, 10551; Agricultural Code 1927, §§ 451, 454. But the indorsement upon the receipts we have quoted as a part of them distinctly states that they do not cover any identical lot of lumber, and that, when demand is made for delivery, the warehouseman may select from the stock in its custody the sizes of the lumber to be delivered, and may deliver any of it then on hand. The bill does not allege that all the receipts thus issued were pledged to appellee, nor that all the lumber stored in

the warehouse was subject to the receipts which it held. Therefore it does not expressly show that appellee acquired the right and title to any certain lot of lumber. If other receipts were issued, and otherwise disposed of, the claim of appellee would relate to a definite number of feet of indefinite grades and sizes to be selected out of the whole, but would not embrace a specific lot. If this were the situation, appellee would not have the legal title to any certain lot of lumber, and could probably enforce its claim on the whole amount in equity. Section 8935, Code.

■ But no presumption can be indulged in favor of complainant. We must presume, therefore, that all the receipts for all the lumber that was stored were transferred to appellee, and, regardless of the grade or right reserved to select out of the whole lot that which shall be delivered upon demand for only a part of it, such whole became the property of appellee under the provisions of the statute referred to. So that upon the allegation that there was on deposit at the time of filing the bill 5,550,000 feet of the lumber, those allegations, taken with the legal presumptions, show a legal title to this, regardless of the grade or size. Still taking the presumptions against appellee, the bill shows that 7,420,000 feet are not now in storage and ought to be under the receipts, and that if it were so in storage, all of it would legally belong to appellee, so that appellee could maintain an action at law for its conversion, if it had been thus stored with appellant. But the bill in effect alleges that in large part the warehouseman did not receive the lumber (that is, that the receipts were fictitious), or that it was misappropriated and converted in a manner unknown to appellee. None of this shows a claim of equitable right, but for his damage, either in issuing a fictitious claim (Code 1923, § 10526; Agricultural Code 1927, § 429), or in converting the lumber to other uses, an action at law is available. Code 1923, § 10514; Agricultural Code 1927, § 417.

■ The equity of the bill cannot be supported as one to foreclose a pledge as contended. It seeks no such relief, and is not properly framed for that result.

■■ As a bill for an accounting it falls far short of sufficient allegations to invoke the aid of equity, except as an incident to some other equitable relief. When an accounting is the relief which, complainant claims, gives the bill standing in equity, there must be some averment of fact to show that complete relief cannot be had in a court of law, or some fact which makes relief one of equitable jurisdiction. Outside of the discovery sought, we find nothing in the bill which gives equity jurisdiction as one for an accounting. Julian v. Woolbert, 202 Ala. 530, 81 So. 32.

It is therefore no more than an effort to obtain a discovery in aid of a purely legal demand or claim. In order to give equity to such a bill, it is necessary to show that complainant does not know some of the facts essential to support an action at law, and/or has no legal means of ascertaining or proving them except by an answer of respondent; that is, in effect, that such facts are peculiarly known to respondent, and cannot be otherwise proven. Continental Life Ins. Co. v. Webb, 54 Ala. 688; Shackelford v. Bankhead, 72 Ala. 476; Virginia & Ala., etc., Co. v. Hale, 93 Ala. 542, 9 So. 256; Wood v. Hudson, 96 Ala. 469, 11 So. 530; Dargin v. Hewlitt, 115 Ala. 510, 22 So. 128; Lindsey v. Mason, 165 Ala. 194, 51 So. 750; Hitt Lumber Co. v. Cullman P. Co., 189 Ala. 13, 66 So. 720; King v. Livingston Manufacturing Co., 180 Ala. 118, 60 So. 143; Boriss Const. Co. v. Deasey, 212 Ala. 528, 103 So. 470.

As to the 5,550,000 feet alleged to be in storage, no fact is shown which appellee needs to sustain an action at law. The bill alleges that the balance called for by the receipts is not in storage. The number of feet is definite. But it is uncertain and unknown to appellee, as alleged, whether all or what portion was ever delivered in storage, and whether all or what part has been disposed of. The receipts admit that it was delivered in storage, and therefore a failure to deliver on proper demand shows prima facie a conversion, justifying a suit in trover. Code 1923, §§ 10513, 10514; Agricultural Code 1927, §§ 416, 417. But, to sustain a suit in trover for the true amount of damages, it is necessary to show the grade of the lumber as a predicate for proof of its true value. The receipts do not show any such grade, and the bill alleges that appellee is not informed of the grades. But this want of information by appellee is not alone sufficient to sustain an equitable right of discovery. Dorrough v. Mt. Pleasant F. Co., 210 Ala. 530, 98 So. 735. For the bill must also show that this cannot be proven except upon a discovery from respondent. The bill in this case makes no such additional showing. The remedy of discovery by interrogatories at law does not deprive equity of its jurisdiction on proper averment. But no such averment is made in this case, and we must hold that the bill is defective and subject to the demurrer which points out such defect.

It will be noted that the principles which we have stated have application only when it is sought to give to equity jurisdiction of a legal demand because a discovery is sought, for, if the bill otherwise has equity, such requirements do not obtain. And, in event the bill has such other equity, and the discovery is sought as auxiliary to such equitable relief, it is not necessary that it be verified by affidavit. Shelton v. Timmons, 189 Ala. 289, 66 So. 9; Plaster v. Throne-Franklin Shoe Co., 123 Ala. 360, 365, 26 So. 225.

When discovery is necessary in aid of a claim which is purely legal, and the redress claimed is purely legal, a bill for discovery must be sworn to, or a demurrer to it will lie. Lawson v. Warren, 89 Ala. 584, 8 So. 141; Sweetzer v. Buchanan, 94 Ala. 574, 10 So. 552; Virginia & Ala. M. & M. Co. v. Hale, supra, page 546 of 93 Ala., 9 So. 256; McKissack v. Voorhees, etc., 119 Ala. 101, 24 So. 523; Shelton v. Timmons, supra.

An affidavit on information and belief has been held by this court to be an insufficient verification of a bill for discovery which is of such nature that it must be sworn to. McKissack v. Voorhees, supra. The bill in this case is verified in that manner, and is subject to demurrer on that assignment.

Complainant makes the officers of defendant corporation parties respondent. It is not therefore subject to demurrer for such failure, though this may be required (Virginia & Ala. M. & M. Co. v. Hale, 93 Ala. 542, 9 So. 256; King v. Livingston, 180 Ala. 118, 60 So. 143; 18 Corpus Juris 1064), and though, being nonresidents, an answer may not be enforceable by attachment.

Our conclusion is that, for the reasons we have indicated, the demurrers to the bill should be sustained, and it is so ordered, with the right to amend as complainant may be advised.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.