[No. 24501. Department Two. September 11, 1933.]

THE STATE OF WASHINGTON, *Appellant,* v. HARVE H. PHIPPS, *Respondent.*[1]

*Chas. W. Greenough* and *A. O. Colburn,* for appellant.

*H. E. T. Herman, Ed. B. Powell, R. L. Campbell,* and *George W. Young,* for respondent.

MAIN, J.—The defendant in this proceeding was charged with contempt of the superior court. The trial resulted in a judgment of dismissal, from which the plaintiff, the state, appeals.

The facts may be summarized as follows: Harve H. Phipps, an attorney at law, was employed by the administratrix of an estate to carry on the probate pro-

[1]Reported in 24 P. (2d) 1073.

ceedings. After the administratrix had taken her oath of office, but prior to the time that she had qualified as such by giving the bond required by the court, the respondent borrowed from her out of the funds of the estate the sum of fifteen hundred dollars for his own use and benefit. For this loan, an unsecured note was given, dated June 3, 1929, and payable six months after date with interest at eight per cent per annum. Prior to the time of borrowing the money, the respondent did not obtain an order of court authorizing such a borrowing, and subsequent to the making of the loan no order of court was entered approving it. The note, when it matured in the following December, was not paid. The administratrix having become dissatisfied with the respondent as attorney for the estate, he was discharged and another attorney substituted.

February 26, 1930, the respondent paid on the note sixty dollars in interest and five hundred dollars on the principal. August 11, 1930, the administratrix filed a petition in the estate proceeding asking that the respondent be required to return the borrowed money he was withholding. A hearing upon this petition resulted in an order directing the respondent to restore the money to the estate on or before November 1, 1930. With that order, the respondent did not comply.

November 29, 1930, on application of the substituted attorney for the administratrix, the respondent was ordered to show cause why he should not be punished for contempt. As a result of the hearing, an order was entered adjudging the respondent guilty of contempt and requiring that he pay a fine of one hundred dollars and the costs of the proceeding and be imprisoned in the county jail until such fine and costs were paid, or until otherwise discharged according to

law. That proceeding was in the probate case, and was not brought in the name of the state.

From the order adjudging him guilty of contempt, the respondent appealed, and the judgment was reversed *(In re Harrington's Estate,* 163 Wash. 516, 1 P. (2d) 850) because the contempt with which the respondent was charged was criminal in its nature and the proceeding had not been brought in the name of the state. Subsequently, and on January 6, 1931, the present proceeding was instituted in the name of the state, and resulted as above indicated.

There are in the case two contempts, which are separate and distinct; one in borrowing the money, and the other in failing to return it in response to the court's order.

In borrowing money, the respondent was guilty of misbehavior in office, and was guilty of contempt as defined in Rem. Rev. Stat., § 1049, subd. 3. That contempt was complete when the money was borrowed, and was not a continuing offense. The first proceeding to enforce the return of the money was instituted more than one year after the date that the money was acquired. Section 2005, Rem. Rev. Stat., after providing that prosecutions for the offenses of murder and arson where death ensues may be commenced at any period after the commission of the offense, and for offenses the punishment of which may be imprisonment in the penitentiary, within three years after their commission, further provides that prosecutions for all other offenses may be commenced ''within one year after their commission: . . . ''

The one-year period of limitation provided in the statute applies to the present case, and the proceeding to have the money returned not having been instituted until after the expiration of the statutory period of

limitation, the cause was properly dismissed as to this charge. *Gompers v. United States,* 233 U. S. 604.

■ As to the failure to return the money, this contempt was not committed until the order was entered requiring the return thereof and the failure to comply with the order. The trial court made no formal findings of fact and conclusions of law, but in its judgment recited that the evidence established that the respondent was not able to produce any funds to pay the amount owing to the administratrix, although he had exercised every possible effort to do so, and that there was no evidence tending to show that he had done anything whatever to disable himself from paying the money subsequent to the initiation of the original proceeding.

The rule is general that the inability of an alleged contemner, without fault on his part, to render obedience to an order or decree of the court is a good defense to a charge of contempt for the disobedience of the order or decree. But where the alleged contemner has voluntarily or contumaciously brought on himself disability to obey the order, the rule is otherwise. *McKissack v. Voorhees, Miller & Co.,* 119 Ala. 101, 24 So. 523; *Rudd v. Rudd,* 184 Ky. 400, 214 S. W. 791; *Allen v. Woodward,* 111 Tex. 457, 239 S. W. 602, 22 A. L. R. 1253. In a note appended to the case last cited, many authorities are assembled from the Federal and state courts sustaining the rule above stated. Under that rule and the facts as found by the trial court, which are sustained by the evidence, the court did not err in refusing to punish the respondent for contempt because he did not return the money.

The case of *Smith v. McLendon,* 59 Ga. 523, is based upon different facts, but the rule that absolute inability to pay is a good defense is recognized.

In the case of *Wise v. Chaney,* 67 Iowa 73, 24 N. W.

599, there were two contempts, as here, one in paying out the money of an estate without authority of court, and the other in failing to return it. That case, however, differs from this in that, there, the statute of limitations had not run against either of the contempts.

The judgment will be affirmed.

BEALS, C. J., STEINERT, BLAKE, and TOLMAN, JJ., concur.