198 So. 616

## EMPLOYERS INS. CO. OF ALABAMA v. RHODES.

### 4 Div. 168.

Supreme Court of Alabama.

Nov. 14, 1940.

Smith, Windham, Jackson & Rives, of Birmingham, for appellant.

P. B. Traweek, of Elba, for appellee.

KNIGHT, Justice.

The complainant, appellee here, filed this bill in the Circuit Court of Coffee County against the appellant to recover "compensation benefits" alleged to be due him under a certain insurance policy issued by the respondent-appellant to the State Highway Department, wherein the respondent insured the employees of said department against injuries sustained by them while engaged in the performance of their duties in the maintenance of the state highways of Alabama.

It is averred that the contract of insurance was made for the direct benefit of the employees of the State Highway Department; that the complainant while in the employment of said department, and engaged in the performance of his duties in "assisting in the maintenance of a state highway in Wilcox County, Alabama," suffered an accident, whereby his hip and back were severely injured, and that the State Highway Department had "knowledge and legal notice of his injuries within 90 days thereafter."

It is further averred that the policy of insurance imposed the same obligations on the insurer that would ordinarily rest on the employer under the Workman's Compensation Statutes of Alabama. Code 1923, § 7534 et seq.

It is also averred that complainant had called upon the respondent for a copy of the insurance policy but that it had failed or refused to furnish the same, merely stating that the policy had been issued, with conditions stated, and was issued in accordance with the laws of the State of Alabama; "that the Highway Department was operating, and complainant was working, at the time of the accident, under the force and effect of said policy, which was then in full force and effect."

Paragraph 7 of the bill is in the following language: "Said accident was reported to the Respondent many months ago, by complainant's attorney, and an effort made to procure an adjustment of complainant's claim under said policy, but said Respondent has shown little or no interest in adjusting the same, but denies liability, and this complainant is under the necessity of employing counsel and maintaining a suit for the enforcement of his rights under the said insurance policy, and the necessity of calling on the Respondent to make full and true discovery of the full contents of the said policy."

The bill contains other averments not necessary to set out.

The respondent demurred to the bill as a whole upon the ground that it affirmatively appears from the averments of the bill that the complainant has a full, complete and adequate remedy at law; and to that phase of the bill which seeks discovery, the respondent demurred, assigning the following, among other, grounds: "No sufficient reason is averred * * * whereby the jurisdiction of a court of equity is required for a full and complete discovery of the contents of the said policy of insurance."

The court overruled respondent's demurrers, and from this interlocutory decree the present appeal is prosecuted.

The Amendatory Act of 1935, amending Section 6 of Article 1 of an Act entitled an Act, "To provide a general system of legislation pertaining to public roads, highways and bridges, including therein the establishment of a State Highway Department and State Highway Commission * * *," provides among other things: "The State Highway Commission is authorized and empowered and may, with the approval of the Governor, enter into contract by bond or policy, with an Insurance Company authorized to do business in this State, covering a certain amount to be paid to the employees of the State Highway Department, actually engaged in the Construction, Maintaining or Repairing of Public Roads and Bridges, who by accidental means may be killed or injured. Provided that the amount paid to any such party on account of accidental death, or injury shall not exceed the amount or amounts as provided by the Compensation Act of this State. The premium upon such bond or policy shall be paid out of the funds of the

228

State Highway Department as provided by law; and to that end and for that purpose the Department may with the consent and approval of the Governor disburse any monies hereby or otherwise appropriated or set apart for the construction, repair or maintenance of the public roads, bridges and highways of this State." Gen.Acts 1935, p. 774.

It abundantly appears from the averments of the bill that the policy of insurance issued to the State Highway Department by the respondent was written for the direct benefit of the complainant-appellee, and others similarly employed and circumstanced.

By a long line of decisions in this jurisdiction, as well as elsewhere, the rule is established that one for whose benefit a contract is made may, although not a party to the agreement, and not furnishing the consideration therefor, maintain an action thereon against the promisor. Barlowe v. Employers Ins. Co. of Alabama, 237 Ala. 665, 188 So. 896; Meyerson v. New Idea Hosiery Co., 217 Ala. 153, 115 So. 94, 55 A.L.R. 1231; Hayes et al. v. Betts, 227 Ala. 630, 151 So. 692, 95 A.L.R. 1484; Scott et al. v. Wharton et al., 226 Ala. 601, 148 So. 308; Hendrick v. Lindsay, 93 U.S. 143, 23 L.Ed. 855.

The appellee, therefore, under the averments of the bill, has a cause of action against appellant to recover compensation for his alleged injuries, upon which he can maintain an action at law, and in which action he can secure full, complete and adequate relief.

Aside from the discovery sought, the bill is wholly without equity.

In the case of Cleveland Storage Co. v. Guardian Trust Co., 222 Ala. 210, 131 So. 634, 636, it was observed: "It is therefore no more than an effort to obtain a discovery in aid of a purely legal demand or claim. In order to give equity to such a bill, it is necessary to show that complainant does not know some of the facts essential to support an action at law, and/or has no legal means of ascertaining or proving them except by an answer of respondent; that is, in effect, that such facts are peculiarly known to respondent, and cannot be otherwise proven. Continental Life Ins. Co. v. Webb, 54 Ala. 688; Shackelford v. Bankhead, 72 Ala. 476; Virginia & Alabama, etc., Co. v. Hale, 93 Ala. 542, 9 So. 256; Wood v. Hudson, 96 Ala. 469, 11 So.

530; Dargin v. Hewlitt, 115 Ala. 510, 22 So. 128; Lindsey [Lumber Co.] v. Mason, 165 Ala. 194, 51 So. 750; Hitt Lumber Co. v. Cullman P. Co., 189 Ala. 13, 66 So. 720; King v. Livingston Manufacturing Co., 180 Ala. 118, 60 So. 143; Boriss Const. Co. v. Deasey, 212 Ala. 528, 103 So. 470."

The bill in this case makes no such showing for the equitable relief of discovery, on the contrary the bill shows that the complainant was fully informed as to the terms of the contract, and there was no occasion to resort to a court of equity for a discovery. Callahan v. Auburn Production Credit Association, ante, p. 103, 197 So. 347, 129 A.L.R. 893.

Besides, in an action at law, should he bring one, the appellee may require the production of the contract. Barlowe v. Employers Ins. Co. of Alabama et al., supra.

The bill is wholly without equity and the court below erred in not sustaining respondent's demurrer thereto. Accordingly the decree of the circuit court must be reversed, and a decree here entered sustaining the demurrers, and remanding the cause.

Reversed and remanded.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.